Scobey v. Kinningham.

No. 15,422.

## Scobey v. Kinningham.

Mortgage.—*Foreclosure of.—Redemption by Subsequent Mortgagee.—Enforcement of Lien —Estoppel.—Complaint.*—A mortgagee from a husband who redeems the land from a sale on foreclosure of a prior mortgage executed by the husband and wife, has a lien which he may enforce, and in a suit to enforce such lien, the wife can not successfully assert that the redemption was not an effective one, the holder of the certificate having assented thereto, and having accepted the redemption money. It is immaterial that the complaint failed to allege title to the land in the husband, the facts pleaded showing that he had title thereto.

Same.—*Capacity in which Redemption is Made.—Estoppel.*—The acceptance of the redemption money by the holder of the sheriff's certificate estops him, but it does not estop the wife from availing herself of such rights as the statute confers upon her. She is not estopped from questioning the capacity in which the appellant acted in redeeming the land, and in asserting that he was the owner of the land, and that he redeemed it in that capacity.

Same.—*Absolute Deed As Mortgage.*—The plaintiff is not estopped from asserting that he was not the owner of the land, but a mortgagee, although his deed was absolute on its face, and was recorded among the conveyances.

Same.—*Mortgagor's Title.—Estoppel.*—A mortgagor is estopped to aver, as against his mortgagee, that he had no title to the land mortgaged.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*F. E. Gavin* and *J. D. Miller,* for appellee.

Elliott, C. J.—The appellant alleges, in his complaint, that on the 10th day of September, 1888, James Hart obtained a decree of foreclosure against the appellee upon a mortgage executed by her and her husband upon eighty acres of land ; that a certified copy of the decree was issued to the sheriff, a sale of the land made by him to Orion K. Thomson for six hundred and fifty-six dollars, and a certificate issued to the purchaser on the 13th day of October, 1888 ; that the purchaser assigned the certificate to Frank Thomson, who paid taxes due on the land to the amount of

thirty-one dollars and fifty-four cents; that Benjamin Kinningham, on the 10th day of December, 1888, executed a deed for the land to the appellant; that the instrument executed to the appellant, although absolute on its face, was, in fact, a mortgage executed to secure the sum of five hundred dollars; that the instrument was duly recorded on the 4th day of May, 1889; that on the 8th day of October, 1889, the appellant filed an affidavit of these facts, with a copy of the instrument executed to him by Kinningham, "in due form of law," to redeem the land from the sheriff's sale, and then paid to the clerk the sum of seven hundred and forty-one dollars, and sixty-six cents in full of the purchase-money, with eight per cent. interest and the taxes paid by Thomson; that the money was accepted by the clerk in redemption of said land; that Thomson, the holder of the sheriff's certificate, made no objection to the redemption by the appellant, but, on the contrary, received the money paid to the clerk; that at the time of paying the money the appellant claimed to redeem the land as a mortgagee; that the appellant's debt is due and unpaid, as is the sum paid by the appellant to redeem the land. The relief sought is a foreclosure of the lien claimed under the redemption made by the appellant.

We think it quite clear that Mrs. Kinningham can not successfully assert that the redemption by the appellant was not an effective one. If the holder of the certificate was satisfied to accept the money paid to redeem the land, the debtor can not object that there was no redemption. The question whether there was or was not a valid redemption was settled by the redemptioner and the holder of the sheriff's certificate. *Hervey* v. *Krost,* 116 Ind. 268.

Whether Scobey's interest or estate in the land be regarded as that of a mortgagee or as that of an owner, it is evident that he had a right to redeem; hence he was not a mere volunteer. As he was not a volunteer and paid money to discharge an obligation for which he was not primarily liable, he is entitled to a lien upon the land. The principle

which undergirds the great doctrine of subrogation applies to this particular phase of the case, but not with full force and vigor, inasmuch as the right which the appellant asserts is created solely by statute and not by the courts of equity. But while the principle which underlies the great doctrine of subrogation can not have full and unfettered application, it does, nevertheless, in some measure, supplement the statute, and thus indirectly sustains the claim of the appellant to an interest or estate in the land. *Boos* v. *Morgan,* 130 Ind. 305; *Shattuck* v. *Cox,* 128 Ind. 293; *Huffmond* v. *Bence,* 128 Ind. 131; *Paxton* v. *Sterne,* 127 Ind. 289, and cases cited.

While it is true that the position of the appellant is, to a limited extent, supported by the equitable principle to which we have referred, it is equally true that the principle stated is far from supporting the broad claim he asserts. The principle can not be extended to cover the case in all its aspects, for the plain reason that the sale cut off the purely equitable right to redeem, and left only the right conferred by the statute providing for the redemption of lands sold on execution. The appellant's right being statutory, he can obtain only what the statute grants. As the right is statutory, it is to be enforced as the statute provides and not otherwise. *Robertson* v. *Van Cleave,* 129 Ind. 217; *Horn* v. *Indianapolis Nat'l Bank,* 125 Ind. 381, and cases cited; *Hervey* v. *Krost, supra; Ex parte Bank of Monroe,* 7 Hill, 177; *Littler* v. *People ex rel.,* 43 Ill. 188; *Durley* v. *Davis,* 69 Ill. 133. The right which the appellant exercised when he redeemed the land was entirely different in its nature and origin from that created by courts of equity. Between the statutory right and the equity right there is a wide and important difference. The one right, that given by the statute, does not come into existence until after the judgment and sale, while the other right, that created by equity, ceases with the decree which declares the right to redeem to be barred. *Eiceman* v. *Finch,* 79 Ind. 511. After the sale the appellant and his grantor had a right

to redeem by complying with the statute, but neither had any other or greater right.

The acceptance of the redemption money by the holder of the sheriff's certificate did not estop the appellee from insisting upon her right to have the law obeyed by the appellant in enforcing his lien. An acceptance of the redemption money by the holder of the sheriff's certificate estops him, but it does not estop the judgment debtor from availing himself of such rights as the statute confers upon him. *Goddard* v. *Renner*, 57 Ind. 532. Nor did the transaction between those parties estop the appellee from questioning the capacity in which the appellant acted in redeeming the land. It is not possible for two persons by a transaction between themselves to create an estoppel against a third person who was neither a party to the transaction nor in privity with either of the parties.

The controlling question in this case is as to the capacity in which the appellant redeemed the land. It can not be doubted that he had a right to redeem either as mortgagee or as owner, since he either has an estate in the land under an absolute deed, or an interest in it as an encumbrancer by virtue of the mortgage executed to him by Benjamin Kinningham. We regard as untenable the position of the appellee that, as the deed to the appellant was not recorded in the mortgage record, he has no title of record such as will enable him to redeem. Two reasons support our conclusion : *First.* As the instrument was a deed in form and substance, it was properly recorded as a deed, for the recorder must act upon the statements and recitals of the instrument, and he can not institute or conduct an inquiry for the purpose of determining whether the instrument is, or is not, what it appears to be. *Second.* The fact that the appellant did redeem settles the question as to the effect of the redemption with its incidents, although it does not conclude the appellee from questioning the capacity in which the appellant re-

deemed, nor estop her from requiring him to obey the statute in enforcing his lien.

We can not assent to the conclusion of appellee's counsel that the appellant is estopped from asserting that the instrument under which he claims is a mortgage, nor can we assent to the proposition that he asks what is against equity and good conscience in asking that the instrument be treated as a mortgage.   If, as the complaint avers, and the demurrer admits, the instrument was executed to secure a debt, it was, in legal effect, a mortgage, and " once a mortgage always a mortgage."   If it is a mortgage, then, the appellant was bound to so treat it, for " equity regards that as done which ought to be done."   We are unable to perceive the slighest ground for holding that equity will not permit the appellant to treat the instrument as a mortgage.   The person who executed it undoubtedly has a right to require him to so treat it, and the appellant would be guilty of a wrong if he should violate or disregard that right.   Nothing has been done by the appellant contrary to conscience, so that the decision in *Kitts* v. *Willson,* 130 Ind. 492, is entirely without relevancy to the immediate point here under consideration.

If an instrument is a mortgage as to the grantor, it must necessarily be so as to the grantee; it is not one thing as to one of the parties and another thing as to the other party. It is true that there may be cases where the parties may be denied relief in a court of equity because they " do not come into court with clean hands," or because they seek to accomplish an unconscionable object, but this is not such a case. Here, as we have seen, there is no fraud on the part of the appellant, nor is he asking assistance to enable him to accomplish an illegal or wrongful object; on the contrary, he has given the true character of the instrument which invested him with a right to redeem, and he is seeking to do what the law authorizes, and nothing more.   If it be true that he is a mortgagee—and the admitted facts impress upon him that character—then it must be true that his redemption was made

in that character, and no other. It is evident that if he had attempted to assert title as absolute owner, equity would, upon the state of facts shown in the complaint, have frustrated the attempt, and, therefore, where he comes forward in his true character, free from fraud, and asking what the law awards, he is entitled to the assistance he prays. Either this must be true or else it must be true that he is remediless, since he can not be both an owner and a mortgagee. A suitor who has done no wrong can not, where he has an enforceable right, be denied relief.

We find it impossible to escape the conclusion that the appellant effected the redemption from the sale made upon the decree rendered against the appellee and her husband in the capacity of a mortgagee, and not in that of the owner. As the redemption was made by him in the capacity of a mortgagee, the statute gives him a right to bring suit to establish and enforce the lien acquired by virtue of the redemption from the sheriff's sale. Section 774, R. S. 1881. He did not redeem as owner, for had he done so the case would be governed by a different provision of the statute. Section 770, R. S. 1881.

It is said by appellee's counsel that the complaint is bad because it does not aver that Benjamin Kinningham, the appellant's mortgagor, had title to the land, but we think this position rests upon an undue assumption. The complaint does allege that Kinningham and his wife executed a mortgage to James Hart, and that upon that mortgage Hart obtained a decree of foreclosure. It is well settled that a mortgagor is estopped to aver, as against his mortgagee, that he had no title to the land mortgaged. *Hill* v. *Meeker*, 23 Conn. 592; *Fisher* v. *Milmine*, 94 Ill. 228; *Bush* v. *Person*, 18 How. 82. In this instance we have both a mortgage and a decree of foreclosure based upon the mortgage, so that there can be no doubt that the facts pleaded are such as to require the conclusion that, *prima facie* at least, the mortgagors had title.

We can not do otherwise than decide this case upon the facts alleged in the complaint. We can not indulge in inferences or presumptions beyond those arising as matter of law upon the admitted facts. We are, indeed, bound to presume that the appellant has acted in good faith, for there is no averment to the contrary. The mere fact that the deed was absolute on its face, although executed as a security for a debt, does not of itself warrant the inference of fraud or wrong. What its probative influence would be, when conjoined with other facts, is quite a different question.

Our ultimate conclusion is that the complaint states facts constituting a *prima facie* case of sufficient strength to require an answer.

Judgment reversed.

MILLER, J., did not take any part in the decision of this court.

Filed May 12, 1892.