JARRELL, SHERIFF,. ET AL. *v.* BRUBAKER, ADMINISTRATOR.

[No. 18,270. Filed April 6, 1898.]

JUDGMENT.—*Liens.*— *Redemption.*— Any judgment creditor whose judgment or decree at the time he offers to redeem shall be a lien on the property sold, junior to that upon which the sale was made, is entitled to redeem real estate sold by a sheriff on execution or decretal order, at any time within one year from the date of sale. *p. 266.*

SAME.—*Mortgages.—Foreclosure.— Date of Lien.— Sheriff's Deed.*— The lien of a judgment in foreclosure of a mortgage upon the mortgaged real estate is of the date of the execution of the mortgage, and where the same is sold on said decree, and a sheriff's deed executed therefor, the lien of the certificate of sale, and the title conveyed by such deed, date back to the date of the mortgage. *p. 267.*

LIENS.—*Priority.—Redemption.—Estoppel.—*The acceptance by the

Jarrell, Sheriff, *et al. v.* Brubaker, Administrator.

holder of a sheriff's certificate of sale of redemption money from another lien holder in satisfaction of his judgment will not estop the administrator of the deceased owner of the real estate from asserting that the redemptioner's lien was senior to the judgment upon which the sale was made from which it was sought to redeem. *p. 268.*

Liens.— *Redemption.* — *Venditioni Exponas.* — Under section 785, Burns' R. S. 1894 (773, Horner's R. S. 1897), concerning the redemption of real estate sold on execution or decretal order, only a judgment creditor, his executors, administrators or assigns, whose judgment or decree at the time he offers to redeem is a lien on the property sold junior to that upon which the sale was made, is entitled to sue out an execution in the nature of a *venditioni exponas* upon the judgment on which the sale was had, and from which the redemption is made.   *p. 269.*

Decedents' Estates.—*Quieting Title.*—An action by an administrator to set aside a fraudulent conveyance and to quiet title to decedent's real estate, can be sustained only where it is shown that it is necessary to sell such real estate to pay the debts of the estate. *pp. 269, 270.*

Same.—*Judgments.—Sales.—Redemptions.*—The failure of an administrator to redeem lands of his intestate at a judicial sale, and the redemption thereof by one who had no power to redeem will not deprive such administrator of the right to an order to sell such real estate to pay the debts of the estate.  *p. 270.*

Practice.—*Judgment.—Modification.*—Where a judgment gives the party obtaining the same greater or less relief than he is entitled to under the verdict or finding, the remedy is by motion to modify the judgment.  *pp. 270, 271.*

From the Marshall Circuit Court.  *Affirmed.*

*Charles P. Drummond* and *Charles Kellison,* for appellants.

*Wood & Bowser* and *L. W. Royse,* for appellee.

Monks, J.—Appellee brought this action to quash and set aside as illegal and void a writ in the nature of a *venditioni exponas,* issued upon a redemption of real estate, and for an injunction.  Appellants' demurrer to the amended complaint was overruled.  Appellants Lawrence and Matchett filed a cross-complaint against appellee.  After issues were joined the court, at the request of parties, made a special

finding of the facts, and stated conclusions of law thereon, and over a motion for a new trial, rendered judgment setting aside and quashing said writ of *veditioni exponas,* and enjoining appellants from issuing said writ or making any sale of the real estate described in said writ, and that said real estate is subject to the debts of Nicholas W. Galentine, deceased, and liable to be made assets to pay the debts of said decedent, of which estate the appellee is the administrator, and the title to said real estate, for the payment of said debts, is quieted in said appellee as such administrator.

The errors assigned and not waived call in question each conclusion of law, the action of the court in overruling appellants' demurrer to the amended complaint, and appellants' motion for a new trial.

It is not necessary to consider the sufficiency of the amended complaint for the reason that the same questions are presented by the conclusion of law. The special finding, so far as necessary to the determination of the questions presented, is in substance as follows: On December 7, 1877, Nicholas W. Galentine executed a mortgage to John P. Parks on 80 acres of real estate in Marshall county, Indiana (describing it), to secure a note for $2,000.00, being the unpaid purchase money for said real estate, which mortgage was duly recorded June 6, 1878. On July 8, 1882, Parks recovered a judgment in the Marshall Circuit Court against said Galentine for $2,274.00 and costs of suit, taxed at $62.90, and a foreclosure of said mortgage, against said Galentine, and against appellants John K. Lawrence and James H. Matchett, and others. On September 2, said Parks purchased said real estate at sheriff's sale, on said decree of foreclosure, for $2,361.85, the full amount of principal, interest, and cost due thereon, and the sheriff issued to him a

certificate of purchase therefor; and afterwards on September 4, 1893, said real estate not having been redeemed, said Parks, for a valuable consideration, sold and indorsed said certificate to appellants Lawrence and Matchett, who held possession thereof until March 3, 1896. On March 28, 1882, the State Bank of Warsaw recovered a judgment in the Kosciusko Circuit Court for $1,296.40 and $12.30 cost, against Nicholas W. Galentine and Norris D. Heller, and on March 30, 1882, said bank caused a certified copy of said judgment to be filed and recorded in the proper order book in the office of the clerk of the Marshall Circuit Court. On March 13, 1884, said Nicholas W. Galentine died, intestate, in Kosciusko county, Indiana, and Andrew W. Wood was thereafter duly appointed administrator of the estate of said Galentine by the Kosciusko Circuit Court, and continued to act as such until June 13, 1895, when he resigned his trust, and appellee was duly appointed administrator *de bonis non* of said estate, and is still such administrator. While said Andrew W. Wood was acting as administrator of said estate, the State Bank of Warsaw instituted an action in the Kosciusko Circuit Court against said administrator, to revive said judgment recovered by it March 28, 1882, and for an order for execution thereon; and such proceedings were had in said court in said cause that on April 13, 1892, said bank obtained a judgment and order of court reviving said judgment, and for the issuance of an execution and an order of sale against the 320 acres of land (describing it) owned by said Galentine in Marshall county, Indiana, at the time said judgment was taken, March 28, 1882. The 80 acres purchased by Parks at the foreclosure sale, the sheriff's certificate of sale of which he sold and indorsed to appellants Lawrence and Matchett was a part of said 320 acres.

Afterwards, on March 16, 1893, a copy of said judgment of revivor and order of sale was issued out of the Kosciusko Circuit Court by the clerk thereof, to the sheriff of Marshall county, who on June 12, 1893, after a notice of such sale had been given, sold said 320 acres of real estate to said State Bank of Warsaw for $2,268.85, and thereupon said sheriff issued a certificate of sale for said real estate to said purchaser, which certificate was recorded in the *lis pendens* record in the office of the clerk of the Mashall Circuit Court. On June 9, 1894, appellants Lawrence and Matchett, as the owners of said certificate of sale purchased from said Parks for said 80 acres of real estate, filed their written application and were allowed to redeem said 320 acres of land from the sheriff's sale made on the judgment of the State Bank of Warsaw, and then procured the issuance of the *venditioni exponas* in question, and are proposing to reimburse themselves for the money paid by them to take up the Parks certificate of sale and the amount expended by them in redeeming from said sheriff's sale on the State Bank judgment. On April 21, 1882, said Nicholas W. Galentine owned said 320 acres of real estate, as well as other real estate in Marshall county, Indiana, and on said day executed a warranty deed to appellants Lawrence and Matchett for all of said real estate, and they took possession thereof, and have been in possession of the same. On April 21, 1888, said Andrew G. Wood, then administrator of the estate of said Galentine, filed his petition in the Kosciusko Circuit Court making defendants thereto the widow and children of said deceased, they being his only heirs, and the appellants Lawrence and Matchett and their wives, asking to set aside the conveyance of said real estate to Lawrence and Matchett as fraudulent and void as against the creditors of said Galentine, and

subject the same to the payment of his debts. Such proceedings were had in said cause in said court that a judgment was rendered in favor of said Wood, as administrator, and it was decreed that said deed executed by Nicholas W. Galentine on April 22, 1882, to said Lawrence and Matchett was fraudulent and void as to the creditors of said Galentine, and that said appellants Lawrence and Matchett, and each of them, had no right, title, or interest in said lands, and that the title thereto be forever quieted in Andrew G. Wood, as administrator of said estate. On November 9, 1894, Andrew G. Wood, administrator as aforesaid, commenced this proceeding in the Marshall Circuit Court to enjoin the sale of the 320 acres of real estate, sold in satisfaction of the judgment in favor of the State Bank of Warsaw, which is a part of the real estate the conveyance of which to appellants Lawrence and Matchett was set aside as fraudulent by the judgment of the Kosciusko Circuit Court, and the same adjudged subject to the payment of the debts of said Galentine. That all the real estate in Marshall county adjudged by the Kosciusko Circuit Court, as subject to the debts of said Galentine, and the title to which was quieted in the administrator of the estate of Galentine for the payment of said debts, is subject to the payment of the debts of the deceased, and the administrator of said estate has been using due diligence to convert the same into money for the payment of said debts. Appellant Jarrell was sheriff of Marshall county at the time of the commencement of this action, and appellants Lawrence and Matchett are creditors of the estate of said Galentine, deceased, and were such on June 9th, 1894. At the time of the redemption of said 320 acres sold on the judgment of the State Bank of Warsaw, which redemption was made June 9, 1894, by appellants Law-

rence and Matchett, there had been no previous redemption from said sale on said judgment, nor had there been any attempt made by any person to redeem from said sale, and that said redemption so made was beneficial to said estate and to its creditors. The court stated as a conclusion of law that the *venditioni exponas* mentioned in the complaint was illegally issued.

Under our statute any judgment creditor, his executors or administrators or assigns, whose judgment or decree at the time he offers to redeem shall be a lien on the property sold, junior to that upon which the sale was made, is entitled to redeem real estate sold by a sheriff on execution or decretal order at any time within one year from the date of sale. Section 783, Burns' R. S. 1894 (771, Horner's R. S. 1897). In *Robertson* v. *VanCleve*, 129 Ind. 217, it was held by this court that the holder of a sheriff's certificate of sale, had the right to redeem from a sheriff's sale on a judgment the lien of which was senior to that of the judgment upon which such holder's certificate was based, and that such right continued after the expiration of the year for redemption and until the holder of such certificate upon the judgment which was the senior lien demanded a deed from the sheriff; that the right of the holder of such certificate to redeem was that of a judgment creditor under sections 773, 774, Burns' R. S. 1894 (761, 762, Horner's R. S. 1897). The special finding shows that the judgment and decree of foreclosure in favor of Parks was rendered July 8, 1882, while the judgment in favor of the State Bank of Warsaw was taken March 28, 1882; but the mortgage foreclosed in favor of Parks was dated December 7, 1877, and was a lien from that date on the eighty acres of real estate ordered sold in the decree of foreclosure. It is true that the date of

the lien of the judgment in favor of Parks on all of the real estate of the judgment defendant in Marshall county, except the eighty acres described in the mortgage and decree of foreclosure, was July 8, 1882, the date of the judgment, and such lien was junior to the lien of the judgment of the State Bank of Warsaw, which was March 28, 1882; but the eighty acres was sold on the decree of foreclosure to Parks, and he assigned the sheriff's certificate of sale on said decree to the appellants Lawrence and Matchett.

If the amount for which said eighty acres was sold to Parks on the decretal order had been insufficient to pay the full amount of the judgment in said case, and any part of said three hundred and twenty acres of real estate of the judgment defendant, not included in the mortgage and decree of foreclosure, had been sold to satisfy the part of the judgment remaining unpaid, the date of the lien of said judgment upon such real estate would have been July 8, 1882, the date of said judgment, and not the date of the mortgage; and the lien of the sheriff's certificate of such sale would also have been July 8, 1882, and the holder of such certificate would have been entitled to redeem from the sheriff's sale on the judgment in favor of said State Bank of Warsaw, as junior judgment creditor.

The lien of the judgment and decree in favor of Parks on said eighty acres of real estate was December 7, 1877, the date of the mortgage foreclosed, and the lien, if any, of the sheriff's certificate of sale, held by said appellants, was also December 7, 1877, *Bateman* v. *Miller*, 118 Ind. 345, 349; *Vandevender* v. *Moore*, 146 Ind. 44-51, and cases cited, and was therefore senior and not junior to the judgment of the State Bank of Warsaw. If a deed had been made to said appellants by the sheriff under said Parks certificate of sale, the title would date back to the date of the

mortgage, December 7, 1877. *Bateman* v. *Miller, supra.*

It is evident that said appellants had no right, as the holders of said certificate of sale purchased of Parks, to redeem said 320 acres of real estate from the sale on the judgment of the State Bank of Warsaw, although the eighty acres of real estate described in the certificate held by them was a part thereof.

But appellants insist that this is a question between them and the State Bank of Warsaw, and that, when said bank accepted the redemption money, appellee was concluded thereby, and cannot question the validity of such redemption, citing *Carver* v. *Howard*, 92 Ind. 173, 178; *Pence* v. *Armstrong*, 95 Ind. 191, 200; *Harvey* v. *Krost*, 16 Ind. 268, 271; *Scobey* v. *Kinningham*, 131 Ind. 552. It is not expressly found that the State Bank of Warsaw ever accepted said redemption money, but if the special finding did so state, such acceptance would not estop appellee from asserting that said appellants' lien was senior, and not junior, to the judgment upon which the sale was made and from which they sought to redeem. Appellants' rights, if any, are statutory, and they can only obtain what the statute grants, and as the statute provides, and not otherwise. *Scobey* v. *Kinningham, supra*, and cases cited.

The acceptance of the redemption money by the State Bank of Warsaw estopped said bank from disputing said redemption, but it did not estop appellee from questioning the capacity in which the said appellants acted, nor from requiring that appellants follow the law in enforcing their lien, if any they had. *Scobey* v. *Kinningham, supra*. As was well said in *Scobey* v. *Kinningham, supra*, at p. 555, "It is not possible for two persons by a transaction between themselves to create an estoppel against a third person who was neither a party to the transaction nor in privity with either of the parties."

Under our statute concerning the redemption of real estate sold on execution or decretal order, only a judgment creditor, his executors or administrators or assigns, whose judgment or decree at the time he offers to redeem is a lien on the property sold junior to that upon which the sale was made, is entitled to sue out an execution in the nature of a *venditioni exponas* upon the judgment upon which said sale was had, and from which the redemption is made. Section 785, Burns' R. S. 1894 (773, Horner's R. S. 1897); *Harvey* v. *Krost, supra,* 276.

It follows, therefore, that as the lien, if any, of the sheriff's certificate of sale for said eighty acres of real estate, held by appellants Lawrence and Matchett, was senior, and not junior, to the judgment of the State Bank of Warsaw, they were not entitled, as against appellee, to collect the money paid by them in redemption of said three hundred and twenty acres of real estate by *venditioni exponas,* under the provisions of section 785, Burns' R. S. 1894 (773, Horner's R. S. 1897). Whatever rights appellants may have by virtue of said redemption, if any, they must enforce in some other way than by said writ. The recovery of the judgment and decree by the administrator of the estate of Galentine, that the conveyance to appellants Lawrence and Matchett was fraudulent and void as to the creditors of Galentine's estate, and quieting the title to said real estate in said administrator, in a proceeding to sell said real estate to pay the debts of said Galentine, deceased, gave such an interest in said real estate to such administrator, as authorized him to bring this action. It was not essential to the maintenance of this action that he should first obtain an order to sell the real estate to pay debts. The decree of the court setting aside said conveyance to said appellants, and quieting the title

in said administrator, could not be rendered unless proof was made that it was necessary to sell such real estate to pay the debts of said estate. It is only when it is necessary to pay the debts of the estate that an administrator can sustain an action to set aside conveyances of real estate made by his intestate. Such recovery is only allowed for this purpose. Sections 2486, 2487, 2488, Burns' R. S. 1894 (2333, 2334, 2335, Horner's R. S. 1897); Henry's Prob. Law., section 198. Such decree was in effect that such administrator was entitled to an order to sell said real estate, upon filing the proper appraisement and bond.

The failure of the administrator of Galentine's estate to redeem said three hundred and twenty acres of land from the sale on the judgment of the State Bank of Warsaw, and the redemption thereof by said appellants, did not deprive such administrator of the right to an order to sell said real estate to pay the debts of his intestate. In making such redemption, such appellants were either mere volunteers or they made the same to protect their property or interests. If the former, they are without remedy; but, if the latter, they hold a lien for said redemption money, and can in a proper action enforce their rights. It follows, therefore, that the court did not err in its conclusion of law that said writ of *venditioni exponas* was illegally issued.

Appellants Lawrence and Matchett, by their cross-complaint, sought, in the event said writ of *venditioni exponas* was set aside, and the collection thereof enjoined for any cause, to have the amount paid to redeem said real estate from the sale on the judgment of the State Bank of Warsaw, and the interest thereon, found by the court and adjudged a lien on said real estate, and an order for the sale thereof upon the failure of appellee to pay said amount within such

time as the court might fix.  They claim that upon the facts found they were entitled to a judgment and decree that said real estate be sold by the sheriff, and that the amount of said redemption money and interest be paid to them next after the payment of costs, as prayed for in said cross-complaint.  Said appellants urge this contention under the specification of error "that the court erred in its conclusions of law upon the facts found."  The trial court did not state any conclusion of law as to whether or not said appellants were entitled to any relief upon their cross-complaint, and we have already held in this opinion that the only conclusion of law stated by the court was correct, and not erroneous.  Such assignment of error does not, therefore, present the question urged by said appellants.  If said appellants had made a motion that the court state a conclusion of law as to the facts found under the issue joined upon the cross-complaint, or a motion to modify the judgment so as to grant the relief to which they contend they were entitled, and the court had overruled either or both of said motions, and such rulings had been assigned as error, the question urged might have been presented.  The rule is that if the judgment gives the party obtaining the same greater or less relief than he is entitled to under the verdict or finding, that the remedy is by motion to modify the judgment.  *Branson* v. *Studebaker*, 133 Ind. 147, 162; *Wood* v. *State, ex rel.*, 130 Ind. 364, 366; *Stout* v. *Curry*, 110 Ind. 514, 515; *Baker* v. *Allen*, 92 Ind. 101, 102; *Terry* v. *Shively*, 93 Ind. 413, 416-417, and cases cited; *Higgins* v. *Kendall*, 73 Ind. 522, 527; *New York, etc., R. R. Co.* v. *Hamlet Hay Co.*, 149 Ind. 344.

The question of whether or not said appellants were entitled to a judgment in their favor, as prayed

for in their cross-complaint, is not before us for decision.

During the progress of the trial appellee read in evidence the second paragraph of the complaint in the case of Wood, Administrator of the estate of Nicholas W. Galentine, v. Emily Galentine, Lawrence, Matchett, and others, tried in the Kosciusko Circuit Court, being the case in which said administrator recovered a judgment setting aside as fraudulent the conveyance of said real estate to appellants Lawrence and Matchett, and quieting the title thereto in said administrator and ordering the same sold to pay the debts of the estate of said Galentine, deceased.   Appellants objected to the evidence upon the ground that said paragraph of complaint was not filed in the Kosciusko Circuit Court until long after the expiration of the time within which the cause of action therein set forth could be maintained by said administrator; in other words, that said paragraph was not sufficient to withstand a demurrer for want of facts.   A demurrer to said second paragraph of complaint for want of facts was overruled by the Kosciusko Circuit Court, and by this ruling said court held said paragraph sufficient.   The appellants Lawrence and Matchett were parties to said cause, and filed said demurrer, and were bound by said ruling of the court, even if said ruling of the Kosciusko Circuit Court was erroneous.   As to all the parties to that case and their privies, the same was binding until regularly vacated or reversed.   *State, ex rel.,* v. *Krug,* 94 Ind. 366.

The court did not err, therefore, in overruling appellants' objection to the introduction in evidence of said paragraph of complaint.

There being no available error in the record, the judgment is affirmed.