## KAMMAN, ADMINISTRATOR, ET AL. *v.* D'HEUR & SWAIN LUMBER COMPANY.

[No. 7,082.    Filed May 20, 1909.]

DEEDS.— *Cancelation.— Descent and Distribution.— Survival.— Administrator or Heir.*—A suit by the guardian of an insane person to set aside a conveyance made by his ward and for damages for waste and destruction of timber is triable by the court, the damages demanded being an incident to the suit, and survives, upon the death of the ward, in favor of the ward's heirs at law, where such ward left no debts for which the real estate would be liable, and such ward's administrator should not be substituted as plaintiff.

From Bartholomew Circuit Court; *Marshall Hacker,* Judge.

Suit by John H. Kamman, as guardian of Mary A. Uland, an insane person, against the D'Heur & Swain Lumber Company. From a judgment denying the petition of John H. Kamman, as administrator of the estate of Mary A. Uland, deceased, to be substituted as plaintiff, he appeals. *Affirmed.*

*W. W. Lambert* and *Branaman & Branaman,* for appellants.

*Hord & Adams,* for appellee.

COMSTOCK, P. J.—On April 16, 1906, a complaint was filed in the Jackson Circuit Court by John H. Kamman, as guardian of Mary A. Uland, an insane person, against the D'Heur & Swain Lumber Company. On May 1, 1906, on proper application, a change of venue was taken in said cause to the Bartholomew Circuit Court. On December 15, 1906, John H. Kamman, as guardian, filed in said court his amended complaint against said lumber company, seeking to set aside a deed of conveyance executed by his ward on December 23, 1904, for the alleged reason that she was a person of unsound mind, and further alleging that the real estate conveyed was heavily timbered with various kinds of timber of the value of $12,000; that the defendant, after the execution of said deed, had entered upon said premises and committed waste by cutting and removing from said lands a large amount of timber; that said timber was of the value of $11,000, and that the land had been damaged thereby in the sum of $10,000; that before the commencement of the suit the plaintiff disaffirmed the conveyance, and demanded a cancelation of the deed, tendered and presented a deed for execution by the defendant, and demanded of the defendant that it execute the same, but the defendant refused so to do, and the plaintiff then and there demanded compensation for the damages sustained by the alleged trespass and waste upon said lands by reason of the cutting and the removal of the timber therefrom by the defendant. A decree was prayed against the defendant for the cancelation of the deed of conveyance so executed by Mary A. Uland, and for the sum of $5,000 as damages for waste committed and timber removed from said real estate and for all other proper relief. Upon this complaint issues were formed.

On March 5, 1907, the death of Mary A. Uland was sug-

gested to the court, and plaintiff John H. Kamman by motion asked to substitute himself as administrator of the estate of deceased and Henrietta Kamman as parties plaintiff. The motion was overruled. Said John H. Kamman, as such administrator, and Henrietta Kamman then submitted a motion to file a supplemental complaint making Henrietta Kamman and John H. Kamman, as guardian, plaintiffs, which motion to make both said parties plaintiffs was by the court overruled. Thereafter, John H. Kamman, as administrator of the estate of Mary A. Uland, deceased, submitted a motion asking that he be permitted to file a supplemental complaint making himself a party plaintiff. To the rulings on the foregoing motions the appellant filed exceptions. Subsequently, upon leave of court, said Henrietta Kamman was substituted as party plaintiff and filed her supplemental complaint as the sole heir at law of said Mary A. Uland, deceased, claiming to be the real party in interest in the subject-matter of the cause of the suit as set forth therein.

The errors relied upon by appellant for reversal are the overruling of his motion to be substituted as party plaintiff in this cause, to file a supplemental complaint, and to be made a party plaintiff thereto.

The proceeding to set aside the deed executed by the ward and to procure a reconveyance was an equitable proceeding, and not triable by jury. The action for waste committed upon the real estate during the lifetime of the decedent was at law and passed to the administrator. The demand on account of waste was but an incident to the main suit to set aside the conveyance, and equity draws to itself the determination of the entire controversy. Unless the conveyance is set aside, the claim for waste cannot prevail. It does not appear that the decedent left debts for the payment of which her real estate might be sold under order of the court, and the administrator therefore had no interest therein. Such real estate descended to the sole heir. With her alone, so far as appears, rests the right to have the alleged fraudulent

conveyance set aside. It would be idle to substitute as plaintiff a party without right to prosecute the main suit. Drawing conclusions only from propositions of law that are not disputed, we have not cited authorities.

Judgment affirmed.