## LINVILLE ET AL. *v.* CHENOWETH

[No. 17,338.  Filed February 15, 1945.]

356

*Francis A. Shaw,* of Muncie, and *Cecil A. Taylor,* of Indianapolis, for appellant.

*Carl Lee Compton,* of Indianapolis, for appellee.

HAMILTON, J.—This was an action instituted by one James C. Chenoweth to cancel and have declared null and void a certain warranty deed which he had voluntarily executed, conveying certain described real estate situated in Marion County, Indiana, to appellants, Fred Linville and Beulah Mae Linville. The theory of the complaint was that the plaintiff was entitled to have the deed canceled and declared null and void because

of an alleged breach of a parol promise and agreement upon the part of the defendants to support and maintain the plaintiff during his lifetime, provide him a home, pay insurance and taxes, and make repairs upon the premises conveyed.

After a change of venue the cause was submitted for trial to the court in the Hancock Circuit Court on November 30, 1942. A part of the evidence was heard upon that date and the cause continued until February 10, 1943, upon which date the hearing of the evidence was concluded and the cause continued for argument and decision.

On June 26, 1943, the record discloses the following entry in said cause, to wit: "The death of the plaintiff in the above entitled cause is now suggested to the Court, and Thomas H. Chenoweth, Administrator of the estate of James C. Chenoweth, deceased, is substituted in the place and stead of said deceased plaintiff as plaintiff." The record is silent as to the filing of any substituted pleadings at this or any later stage of the proceedings, and is also silent as to the submission of any additional evidence to establish a cause of action in favor of the administrator as substituted plaintiff. On April 11, 1944, the court rendered and filed its special findings of fact and conclusion of law thereon. It is not necessary to set forth or state the substance of the special findings of fact, except to state that the court failed to find any fact as to the condition of the personal estate in the hands of the administrator, the debts and liabilities of the estate of James C. Chenoweth at the time the order of substitution was made as aforesaid, and failed to find any other fact which would tend to establish a right in the administrator to be substituted as plaintiff in said cause instead of the heir or heirs of the decedent. It

is firmly established in Indiana that, where a special finding of fact is silent upon a material point, it is deemed to be found against the one who has the burden of proof, which, in the instant case, was the administrator as the substituted plaintiff. *State ex rel.* v. *Meiser, Trustee* (1929), 201 Ind. 337 on 341, 168 N. E. 185; *Rhodes* v. *Newman* (1931), 92 Ind. App. 501 on 505, 168 N. E. 879.

The evidence submitted at the trial of said cause discloses that Thomas H. Chenoweth was and is a son and heir at law of the original plaintiff, James C. Chenoweth. The conclusion of law rendered by the court upon its special findings of fact reads as follows:

"That the law is with the plaintiff; that the estate of defendants was upon a condition subsequent which has been broken; that the defendants' claims are without right and that the title of plaintiff be quieted, subject to the right of the parties for an accounting of expenditures and benefits."

Thereafter the defendants filed separate and several motions for a new trial, a motion for venire de novo, and a motion in arrest of judgment, all of which said motions were overruled and denied on July 31, 1944, and judgment was entered upon the conclusion of law theretofore rendered as follows: That the plaintiff was the owner in fee simple of the real estate described in the complaint; that the defendants' claim thereto was without right and unfounded, subject to an accounting of expenditures and benefits; that plaintiff's title thereto be quieted in the plaintiff; and that there was due the plaintiff from defendants upon an accounting of expenditures and benefits the sum of $176. Thereupon the defendants, George McKinney and Lulu McKinney filed a motion to modify and correct the judgment, which was overruled.

Appellee, Thomas H. Chenoweth, as administrator of the estate of James C. Chenoweth, has filed a motion to dismiss this appeal for the reason that appellants' brief upon the assignment of errors is insufficient to present any question for review in this court in that said brief does not comply with the requirements of Rule 2-17 of this court in many enumerated particulars. Many of appellee's objections to appellants' brief are highly technical and are no longer valid under Rule 1-5 of the Revised Rules of the Supreme and Appellate Courts, and in other respects appellee's objections are well founded, but a careful consideration of the brief convinces us that a good faith effort has been made by appellants' counsel to prepare the brief in conformity with the requirements of this court, and that the brief has been so prepared that under the rules and with full application thereto this court can, and does, fully understand the various points made by the brief-maker, and therefore it is sufficient under the current decisions of both the Supreme and Appellate Courts of Indiana. *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N. E. (2d) 199 on 203; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65 on 71, 46 N. E. (2d) 836. The motion to dismiss is therefore overruled.

We pass now to the vital and principal question presented by this appeal, which is the validity of the judgment rendered by the trial court upon its conclusion of law based upon the special findings of fact, adjudging and decreeing that the substituted plaintiff, Thomas H. Chenoweth, as administrator of the estate of James C. Chenoweth (the original plaintiff who deceased prior to the rendition of the judgment), was the owner in fee simple of the real estate involved, and quieting plaintiff's title to said real estate without any

finding or showing in the record that the administrator of the estate of James C. Chenoweth, deceased, had any interest in the cause of action then pending or in the real estate involved therein. This question is duly presented in various forms by appellants' assignments of error in this court: That the court erred on its conclusions of law upon its special findings of fact; the court erred in overruling appellants' motion for a new trial; the court erred in overruling appellants' motion for a venire de novo; and the court erred in overruling appellants' motion in arrest of judgment.

The rights, title, and duties of an administrator of a deceased owner of real estate are clearly and definitely settled in Indiana. In Henry's *Probate Law and Practice* (4th ed.), Vol. 1, p. 232, the author states the rule in the following language:

"*This power of sale is purely statutory. The executor or administrator takes no title to or interest in the real estate of his decedent, but only a naked power to sell, and this power is conditioned upon the insufficiency of the personal estate to pay the debts of the decedent.*

"As a general rule, land, upon the death of an ancestor, passes to the heirs or devisees, who are immediately vested with the title thereto and the right of possession, and are entitled to the full enjoyment of such land. And at common law the title to real property vested absolutely in the heirs upon the death of the ancestor, and was not subject to be made assets for the payment of debts.

"An administrator or executor, as such, has no authority to take possession of or lease the real estate of his decedent, if the heirs or devisees of such decedent are present at the time of his death." (our italics)

In the case of *Moore v. Moore* (1900), 155 Ind. 261, 57 N. E. 242, the Supreme Court of Indiana says:

"An administrator has no right to the possession of the real estate of his decedent, but the title to the same, with the right of possession, vests at the. instant of the death of the intestate in his heirs subject to the debts of the intestate, and they take and retain such title with all the rights and incidents belonging thereto subject to the right of the administrator to procure an order to sell the same to pay said debts.

"An executor or administrator has no authority to sell the real estate of his decedent, except by order of court, in the absence of a testamentary provision authorizing such sale."

Again, in the case of *Tippecanoe Loan, etc., Co.* v. *Carr et al.* (1907), 40 Ind. App. 125, 78 N. E. 1043, this court states the law in the following language:

"The law is well settled in this State that the title to lands upon the death of the owner intestate immediately vests in the heirs of such deceased. owner, but may be divested should the personal estate prove insufficient to pay the debts of such decedent. *Rountree* v. *Pursell* (1895), 11 Ind. App. 522, 537; *Humphries* v. *Davis* (1885), 100 Ind. 369; *Moore* v. *Moore* (1900), 155 Ind. 261; *Weakley* v. *Conradt* (1877), 56 Ind. 430. . . .

"The authority of an administrator to sell real estate to pay debts, in the absence of a testamentary provision to that effect, is statutory, and can be legally exercised only by order of court. *Moore* v. *Moore, supra; First Nat. Bank* v. *Hanna* (1895), 12 Ind. App. 240, 245; *Walker* v. *Diehl, supra.* At common law an administrator has no dominion over the real estate of his decedent for any purpose. But, by statute (§ 2485 Burns 1901, § 2332 R. S. 1881), the common-law rule has been modified, so that now an administrator may sell decedent's real estate to make assets for the payment of debts, when there is an insufficient. personal estate (§ 2489 Burns 1901, § 2336 R. S. 1881), by first obtaining an order from the court so to do. That proceeding being purely statutory, the pro-

cedure and rules of practice thus prescribed must be followed. *Seward* v. *Clark* (1879), 67 Ind. 289, 294."

Appellee attempts to sustain the judgment and ruling of the trial court by asserting that the decedent, James C. Chenoweth, left outstanding obligations, as well as funeral expenses, and that his administrator could maintain an action to sell the real estate to pay the debts and also had the right to maintain the action for the purpose of collecting any damages awarded upon an accounting, and for these reasons he was properly substituted as plaintiff. As heretofore stated, the record in this cause is silent as to any showing relative to the condition of the personal estate of James C. Chenoweth at the time his administrator was substituted as plaintiff.

Appellee cites *Jarrell, Sheriff* v. *Brubaker* (1898), 150 Ind. 260, 49 N. E. 1050; *Kamman* v. *D'Heur & Swain Lumber Co.* (1909), 43 Ind. App. 672, 88 N. E. 348; and *Morgan* v. *Catherwood* (1929), 95 Ind. App. 266, 167 N. E. 618, to sustain the ruling of the trial court. As we read each of the above cases, they sustain appellants' contention in this appeal and do not unqualifiedly support the proposition relied upon by appellee.

In the case of *Jarrell, Sheriff* v. *Brubaker* (1898) 150 Ind. 260, 49 N. E. 1050, our Sureme Court considered the right of an administrator to maintain an action to cancel a conveyance made by his decedent as fraudulent and void as against the creditors of the estate, and to subject the real estate to sale to make assets to pay debts. On page 269 of 150 Ind. the court says:

"It was not essential to the maintenance of this action that he should first obtain an order to sell

the real estate to pay debts. *The decree of the court setting aside said conveyance to said appellants, and quieting the title in said administrator, could not be rendered unless proof was made that it was necessary to sell such real estate to pay the debts of said estate.* It is only when it is necessary to pay the debts of the estate that an administrator can sustain an action to set aside conveyances of real estate made by his intestate. Such recovery is only allowed for this purpose." (our italics)

In the case of *Kamman* v. *D'Heur & Swain Lumber Company, supra,* this court considered the right of an administrator to be substituted as plaintiff and to continue the prosecution of an action to cancel a deed executed by his decedent and to recover damages for waste committed by the grantee. The court refused to permit the administrator to be substituted as plaintiff and substituted in lieu theerof the heir of the decedent. In considering the correctness of the court's ruling, this court, on page 674 of 43 Ind. App., says:

"The proceeding to set aside the deed executed by the ward and to procure a reconveyance was an equitable proceeding, and not triable by jury. The action for waste committed upon the real estate during the lifetime of the decedent was at law and passed to the administrator. The demand on account of waste was but an incident to the main suit to set aside the conveyance, and equity draws to itself the determination of the entire controversy. Unless the conveyance is set aside, the claim for waste cannot prevail. *It does not appear that the decedent left debts for the payment of which her real estate might be sold under order of the court, and the administrator therefore had no interest therein. Such real estate descended to the sole heir.* With her alone, so far as appears, rests the right to have the alleged fraudulent conveyance set aside. It would be idle to substitute as plaintiff a party without right to prosecute the main suit." (our italics)

Under the language contained in each of the above cases, it is essential that the record affirmatively disclose in either the special findings of fact or in the decree and judgment itself facts sufficient to authorize the administrator to maintain our statutory proceedings to sell the real estate to pay the debts and liabilities of the decedent. This has not been done in the instant case.

With reference to the right of the administrator of the estate of James C. Chenoweth, deceased, to be substituted as plaintiff in order to recover the $176, which the court found to be due the plaintiff upon the accounting of expenditures and benefits, we call attention to the language of this court in the case of *Kamman* v. *D'Heur, supra,* wherein it is said that the right to damages for waste committed by the grantee was but an incident to the main action to set aside the conveyance and that, unless the conveyance was set aside, there could be no damages recovered for waste and that such damages would descend to the heir as an incident of the real estate in the absence of any showing upon the part of the administrator of his right to maintain an action to sell the real estate to pay debts. This completely answers appellee's contention that the administrator was properly substituted as plaintiff to enable him to recover damages upon an accounting of expenditures and benefits, without any other showing having been made to establish a right in the administrator to sell the real estate to pay debts. In the absence of such a showing and finding, the heir of James C. Chenoweth, deceased, was the proper party plaintiff to have been substituted, instead of the administrator.

Considering the conclusions of law and the judgment rendered thereon in the light of the foregoing author-

ities as applied to the special findings of fact in the instant case, it is our opinion that the findings of fact disclosed by the record are insufficient to support either the conclusions of law or the judgment rendered thereon.

We have carefully examined the record in this cause, and, in our opinion, the ends of justice will be best served by ordering a new trial. Judgment reversed with instructions to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.