Filed May 11, 1892.

---

No. 14,575.

## KLINGLER v. SMITH ET AL.

PRACTICE.—Error.—Improper Assignment of.—Motion for New Trial.—Error can only be assigned on a question that was presented and ruled upon by the court below, and where a motion for a new trial in the court below was to the whole cause, and the assignment of error was in the ruling of the court "in overruling appellant's motion for a new trial on the cross-complaint," there is no question presented for the decision of this court on appeal.

From the Boone Circuit Court.

J. E. McDonald, J. M. Butler, A. H. Snow and J. M. Butler, Jr., for appellant.

B. S. Higgins, for appellees.

OLDS, J.—William A. Klingler, an unmarried man, executed to Jesse Smith two notes, one for $1,500 and the other for $1,000. Afterwards said Jesse Smith cancelled said mortgage and took another mortgage on the same land, executed by said William A. Klingler, securing a note for $2,600; the

Klingler v. Smith et al.

last note and mortgage he endorsed to his wife, Catharine Smith, who brings this action for the foreclosure of the same, making the appellant and her co-appellees defendants.

Issues were joined substantially as follows : The appellant, Mary A. Klingler, answers the complaint, alleging the giving of the first mortgage securing two notes, one for $1,500 and one for $1,000, and that the said Jesse Smith, for a valuable consideration, endorsed said $1,000 note to Polly Klingler, a sister of William A. Klingler, mortgagor, who, for a valuable consideration, endorsed the same to said appellant, Mary A. Klingler, then Mary A. Moore, but since intermarried with the mortgagor, William A. Klingler ; and that the said Jesse Smith cancelled said mortgage, in so far as it was security for the $1,000, without any authority whatever, and avers the same to be a prior lien to the $2,600 mortgage.

Other defences were pleaded. Appellant also filed a cross-complaint, alleging the same facts, and asking a foreclosure of the prior mortgage securing the $1,000 note held by her, and that it be declared a prior lien.

The other parties to the suit are judgment creditors.

The appellee Catharine Smith answered the cross-complaint, and replied to the answers by alleging that the first mortgage and the note for $1,500 was given to secure a loan for $1,500, and that said William A. Klingler at the time was in embarrassed circumstances financially, and with a view of saving something out of his estate, requested and induced the said Jesse Smith to take another note for $1,000, signed by said Klingler, and included in said mortgage, and to assign the same to Polly Klingler, which he did, and Polly Klingler afterwards assigned the same to Mary A. Moore, who afterwards intermarried with the mortgagor ; that said $1,000 note was given without any consideration whatever, and there was no consideration for the endorsements of the same ; that afterwards said William A. Klingler was desirous of renewing the $1,500 note and borrowing an additional amount

of said Jesse Smith, and said Smith agreed to loan him a sum sufficient to make $2,600, including the $1,500 and interest, and the said William A. Klingler represented to said Jesse Smith that he held the note for $1,000, and had long before destroyed it, and procured the said Smith to cancel the first mortgage and take a new mortgage securing the $2,600 due him, which he did, and that the said Polly Klingler and Mary A. Klingler had full knowledge of all the facts.

The judgment creditors answered in denial and payment as to the $1,000 note. The cause was tried by the court, resulting in a finding and judgment in favor of the appellee Catharine Smith, and a foreclosure of her mortgage.

The appellant filed a motion for new trial in the usual form, stating as reasons that the finding and judgment is contrary to law and not sustained by the evidence, and on account of newly discovered evidence.

The motion for new trial related to all the issues joined, and asked for a new trial as to the whole cause.

The assignment of error is that the "court erred in overruling appellant's motion for new trial on the cross-complaint."

It is urged on behalf of the appellee Catharine Smith that the assignment of error presents no question for the decision of this court, and the question being presented we must pass upon it.

It is so well settled that error can only be assigned on a question that was presented and ruled upon by the circuit court that we need cite no authority in support of it. Error is assigned in this court on the rulings of the circuit court. Until the circuit court has ruled on a motion for new trial there is no ruling of the circuit court to be assigned as error on the ruling upon the motion. The error assigned in this case is the ruling of the court "in overruling appellant's motion for a new trial on the cross-complaint." No such motion for new trial was made in the circuit court, hence no error can be assigned on such a ruling. The motion filed

covered the whole case, and if the motion was not good as made it was not error to overrule it.

There is no proper assignment of error to present any question to this court for decision. Questions of this character must be first presented to the trial court, and the rulings of that court properly presented to this court for review. *New Albany, etc., R. W. Co.* v. *Day,* 117 Ind. 337; *Moore* v. *Harland,* 107 Ind. 475; *Bicknell* v. *Bicknell,* 110 Ind. 42.

The appellant did not ask the circuit court to give them what they now complain of and say the court erred in not giving to them, viz., a new trial on the cross-complaint.

There is no question presented for the decision of this court.

Judgment affirmed, with costs.

Filed Dec. 11, 1891.

## ON PETITION FOR REHEARING.

OLDS, J.—The record in this case recites that the court overruled the motion of the appellant for a new trial on her cross-complaint. We did not refer to this in the original opinion, as we deemed it apparent that it was an error, and if not an error, it did not aid the appellant, but as our attention is specially called to it on petition for rehearing, and as counsel insist, the question as to their right to a new trial on the appellant's cross-complaint is presented by the record, we now notice it.

The only motion for a new trial in the record, as we stated in the original opinion, is a general motion for a new trial as to the whole case. The ruling must have been made upon that motion, and the error assigned is the overruling of a motion for a new trial on the cross-complaint, but if there was a motion filed by the appellant for a new trial as to her cross-complaint and a ruling made upon it and correctly shown by the record by its recital to that effect, then the motion to that effect is not in the record. There is a diminution of the rec-

The Louisville, Evansville and St. Louis, etc., R'y Co. v. Hanning, Adm'r.

ord, and the motion should have been brought into the record by *certiorari*. Without the motion in the record it can not be considered. There is nothing in the record showing any cause or reason for a new trial as to the cross-complaint. Either way the record is construed there is no question presented for decision. If the only motion filed was for a new trial as to the whole case and there is a clerical error in the record of the ruling showing the ruling to have been made on a motion for a new trial on the cross-complaint, there is no proper assignment of error. If, on the other hand, there was a motion for a new trial as to the cross-complaint ruled upon and assigned as error, then there is no such motion in the record.

The petition for rehearing is overruled.

Filed May 11, 1892.