## BONHAM v. DOYLE ET AL.

[No. 5,701. Filed May 10, 1906. Rehearing denied December 11, 1906. Transfer denied January 31, 1907.]

1. PLEADING.—*Complaint.*—*Trusts.*—*Writing.*—*Real Property.*— A complaint for the enforcement of an express trust in lands, must show that such trust was in writing. p. 440.

2. SAME.—*Complaint.*—*Trusts.* — *Implied.* — *Representations.* — *Fraud.*—A complaint showing that defendant, to induce plaintiff

to make a certain conveyance to her, falsely and fraudulently made certain representations to plaintiff, without showing that such representations were untrue, does not show that fraud was practiced upon plaintiff.　p. 440.

3. PLEADING.—*Complaint.*—*Fiduciary Relations.*—*How Shown.*— A complaint merely showing that plaintiff was a step-daughter of defendant does not show a fiduciary relationship, the presumption being that plaintiff was of age; but where the facts alleged show that defendant occupied a fiduciary relation toward plaintiff, defendant becomes in equity a trustee.　p. 440.

4. SAME.—*Insufficient Complaint.*—*Insufficient Answer.*—A bad answer is good enough for a bad complaint.　p. 441.

5. APPEAL. — *Motions.*—*Independent Assignment.*—*New Trial.*— *Change of Motions.*—The overruling of a motion for a change of judge is cause for a new trial, but cannot be assigned independently on appeal.　pp. 441, 442.

6. TRIAL.—*Change of Judge.*—*New Trial as of Right.*—*Partition.* —*Trusts.*—In a suit for partition and to enforce an alleged trust in lands, the plaintiff, after defeat, cannot, on her motion for a new trial as of right, demand a change of judge.　p. 442.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Suit by Winnie E. Bonham against Luther P. Doyle and others.　From a decree for defendant Doyle, plaintiff appeals.　*Affirmed.*

*Slinkard & Slinkard,* for appellant, and for appellees, except Doyle.

*Cyrus E. Davis,* for appellee Doyle.

ROBY, C. J.—The complaint in this case was in two paragraphs, the first for partition and the second to enforce an alleged trust.　*Bonham v. Doyle, ante,* 434.　The appellee Doyle answered in seven paragraphs.　The answers are to the complaint and are not in terms directed to either paragraph separately.　The first paragraph of the answer was a general denial.　The sixth set up the fifteen-year statute of limitations and the seventh the twenty-year statute of limitations.　The second paragraph, while it is in terms addressed to the plaintiff's complaint, is by its facts shown to have been intended as an answer to the second paragraph

of the complaint. This is also true of the third, fourth and fifth paragraphs of said answer.

The second paragraph of complaint in terms sets up an express trust concerning lands, which is not averred to have been in writing. The facts stated in the paragraph were therefore insufficient to show an express trust. §3391 Burns 1901, §2969 R. S. 1881; *Stonehill* v. *Swartz* (1891), 129 Ind. 310. If the paragraph is sufficient, it is on the theory of a constructive or implied trust. §6632 Burns 1901, §4907 R. S. 1881.

A summary of the paragraph is contained in the opinion in *Bonham* v. *Doyle, supra*. It is averred that, in order to procure the conveyance of certain real estate to him, Doyle falsely and fraudulently made certain representations. It is not averred that any of said representations were untrue. The paragraph is therefore not sufficient as containing a charge of actual fraud. "The use of epithets, however bountifully multiplied, will not supply the place of facts." *Clodfelter* v. *Hulett* (1880), 72 Ind. 137, 143. This defect renders it unnecessary to consider the materiality of the facts averred.

It appears from the complaint that the plaintiff, Winnie E. Bonham, and the defendants, Amanda Maddox and Clara Bauer, were daughters, by a prior marriage, of Mary J. Doyle, wife of Luther P. Doyle, who was also the mother of two children by the last marriage. It is not averred as a fact that any confidential relations existed between Doyle and his said stepdaughters. No circumstances pointing out the existence of such relation are set out in the complaint. The stepdaughters are not shown to have been infants or of tender age. They are presumptively adults. It does not appear that they were members of the Doyle family, or in anywise dependent upon their stepfather. Wherever a fiduciary relation is shown to exist, either by actual averment or by the statement of relations, during the continuance of which confidence is necessarily

reposed by one or a corresponding influence possessed by the other, the person availing himself of his position to obtain an advantage becomes in equity a trustee. *Huffman* v. *Huffman* (1905), 35 Ind. App. 643.

There are not sufficient facts averred in the second paragraph of the complaint to show the existence of such relation, or that the conveyance was obtained by reason of it. A bad answer is good enough for a bad complaint.

This consideration disposes of the first six assignments of error. The seventh and eighth assignments are based upon alleged error in refusing to sustain an application for a change of judge. The action of the court complained of should have been stated as a reason for a new trial, and error assigned upon the overruling thereof. *Citizens St. R. Co.* v. *Shepherd* (1902), 29 Ind. App. 412; *Sidener* v. *Davis* (1882), 87 Ind. 342; *Bain* v. *Ward* (1881), 77 Ind. 153.

The record in this cause and in *Bonham* v. *Doyle, supra,* appear to be identical, and were each filed on April 27, 1905, the latter in an appeal to the Supreme Court, from whence it was transferred to this court, and the former in an appeal to this court. The effect of the multiplicity of records and of pleadings has not been minimized by the argument of counsel on either side. The appeals have been considered without formal consolidation, and the judgment appealed from is therefore again affirmed.

## ON PETITION FOR REHEARING.

WILEY, J.—Appellant and appellees Maddox and Bauer have filed a petition for a rehearing, and have assigned eight reasons therefor. They have attacked, as erroneous, each holding of the court in the original opinion. Upon a reexamination of the questions involved and decided, we see no reason to recede from the conclusion announced. There is one question, however, which the parties are entitled to

have reconsidered, but this can be done without granting a rehearing, and without doing injustice to any one.

In the original opinion it is said: "The seventh and eighth assignments are based upon alleged error in refusing to sustain an application for a change of judge. The 5. action of the court complained of should have been stated as a reason for a new trial, and error assigned upon the overruling thereof." The rule thus declared is the law in this jurisdiction, but it is not applicable to the unusual and peculiar facts disclosed by the record here. By an inadvertence the fact was overlooked that the motion for a new trial for cause had been ruled upon before the motion for a change of judge had been made.

After motions for a new trial for cause by appellant and appellees Bauer and Maddox had been overruled, and at the same term of court, they each filed motions for 6. a new trial as of right, and also filed bonds as required by statute, which bonds were approved. At the subsequent term appellant offered to file her motion for a change of judge, and supported the same by affidavit. In her affidavit she stated that she could not have a fair and impartial trial "of said cause before the Hon. Orion B. Harris, judge, before whom said cause is now pending, on account of the bias," etc. This offer to file motion, etc., for a change of judge was overruled, as was also the motion for a new trial as of right.

Under this statement of the facts it is apparent that the overruling of the offer to file a motion for a change of judge could not have been made a reason for a new trial for cause, for such motion had been overruled and final judgment pronounced. We are, therefore, confronted with this question: After the trial court assumes jurisdiction, without objections, and proceeds with the trial to final judgment, can such jurisdiction be ousted pending a motion for a new trial as of right, upon the facts disclosed by this record? Jurisdiction is authority to hear and determine a cause.

17 Am. and Eng. Ency. Law (2d ed.), 1041, and authorities there cited. A motion for a new trial as of right is a remedy given litigants by statute, when they apply for it in cases where such remedy is allowable. If the jurisdiction of the presiding judge can be ousted by an application for a change of judge, where the only question for determination is that presented by a motion for a new trial as of right, then upon the same reasoning such jurisdiction could be ousted upon an application for a new trial for cause. Both of such motions are incidents to the final determination of the cause. There is no provision in the code, and no established precedent which authorize a change of judge under the facts in this record.

The petition for a rehearing is overruled.