## VANDALIA COAL COMPANY *v.* SHEPARD.

[No. 9,119. Filed October 10, 1916. Rehearing denied February 15, 1917. Transfer denied March 12, 1918.]

1. APPEAL.—*Briefs.—Sufficiency.—Waiver of Error.*—Error as-signed on the overruling of motion for physical examination of plaintiff is waived, where appellant's brief directs no point or proposition thereto. p. 79.

2. APPEAL.—*Briefs.—Abstract Proposition of Law.—Waiver of Error.*—Error assigned on the overruling of the motion for a new trial is waived, where appellant's brief directs no point or proposition to any specific ground of the motion, but contains only mere general statements which may or may not apply thereto. p. 79.

3. MASTER AND SERVANT.—*Injury to Servant.—Mining.—Complaint.—Sufficiency.—Statutes.*—In an action by a coal miner for personal injuries sustained when the roof of a mine room caved in, allegations in a paragraph of complaint showing that the mine boss failed to furnish sufficient timbers to make the room safe and to inspect the same, as required by §8580 Burns 1914, Acts 1905 p. 65, and that such failure was the proximate cause of the injury, are not nullified by an allegation that there was no apparent danger and that the employe was unable to discover any defects in the roof by the use of the usual and ordinary tests. p. 82.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by Charles Shepard against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry W. Moore,* for appellant.

*Claude E. Gregg* and *Webster V. Moffett,* for appellee.

FELT, J.—Suit for damages which resulted in a verdict for appellee in the sum of $1,800. The complaint is in two paragraphs, on which the issues were joined by general denial. Appellant's motion for a new trial was overruled, and it has assigned as error the

overruling of its demurrer to each paragraph of the complaint, the overruling of its motion for a new trial, and also its motion to require appellee to submit to a physical examination and to have an X-ray photograph taken of the injured portions of his body. The gist of the memorandum accompanying the demurrer is that neither paragraph states facts sufficient to show a liability under the statute; that the general averments which tend to state a cause of action are overcome and nullified by the specific allegations of facts; that the allegations show that the defects which caused appellee's injury were inherent in the place he was employed to work and could not have been discovered by appellant "by the usual and ordinary tests."

1. No point or proposition is directed to the assignment that the court erred in overruling appellant's motion for a physical examination of appellee and for the taking of an X-ray photograph, and the assignment is therefore waived. It appears from the record that this motion was made before the case was set for trial, and was overruled before the trial began. *Pfaffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246, 248, 41 N. E. 530; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Curry, Gdn.,* v. *City of Evansville* (1913), 56 Ind. App. 143, 104 N. E. 978.

2. No point or proposition is directed to any specific ground of the motion for a new trial. Mere general statements that may or may not have such application present no question on appeal, and the assignment that the court erred in overruling the motion for a new trial is likewise waived. *Chicago, etc., R. Co.* v. *Dinius, supra. Mutual Life Ins. Co.* v. *Finkelstein* (1914), 58 Ind. App. 27, 31,

107 N. E. 557; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218.

. The points and propositions relating to the rulings on the demurrers are general in their character and are not specifically applied to the particular question evidently intended to be presented, but appellee in his brief has sufficiently identified certain questions arising on the demurrers to enable the court to ascertain and pass upon the same.

The gist of the first paragraph of the complaint is that appellant was engaged in the business of mining coal in Greene county, Indiana, and in so doing employed more than ten men; that appellee was employed by appellant and was engaged in operating a machine to undercut the coal, and on the day of his injury was operating said machine in room No. 11 of appellant's mine; that it was the duty of appellant to furnish him a safe place in which to do such work and to keep constantly on hand at said mine a sufficient supply of timbers of suitable lengths to properly secure and make safe the room in which he was required to work; that it was the further duty of appellant by its mine boss to visit and examine each and every working place in said mine at least on every alternate day and see that the same was secured by proper timbers and that a sufficient supply of props, caps and timbers was always on hand at said mine where appellee was working; that appellant did not perform such duties, and negligently failed and refused to furnish the necessary caps and timbers of proper lengths, and negligently failed to visit and examine the mine and see that the same was properly secured by props and timbers and that a sufficient supply thereof was kept on hand for such purpose, and negligently allowed the same to be with-

out such props and timbers for three days prior to appellee's injury, by reason of which failure appellee was unable to prop and make safe the roof of the room where he was working; that by reason of such negligence and failure of appellant the roof of the room where appellee was working became weak and dangerous, which fact was known to appellant, or might have been known by the exercise of reasonable care and diligence; that by reason of such weak and unsafe condition of the roof aforesaid, so caused as aforesaid, on the tenth day of June, 1913, the roof of the mine where appellee was working suddenly gave way, caved in and fell upon appellee and severely injured his hips and legs, the particulars of which are alleged.

The second paragraph contains the same general averments as the first, and also alleges that on June 10, 1913, appellant owned and operated a coal mine and in so doing was engaged in business, trade and commerce within the State of Indiana, and employed therein more than five persons, to wit: 300 persons; that it employed one John Boyce as superintendent of said mine and one Jack Doige as mine boss and Jack McQuade as room boss in that part of the mine where appellee was required to work and was working when injured.

The failure of appellant to inspect the mine and furnish timbers is alleged in detail; also that appellee made due request of the room boss under whom he worked for the necessary and suitable timbers to be used in making the place safe where he was required to work, four days prior to his injury; that plaintiff used all available timbers and made diligent search for others, but was unable to obtain them; that there

was a large sand rock in the roof of the room where appellee was required to work which was in an unstable and dangerous condition and liable to fall if not supported by props, all of which was known to appellant, or could have been known by it in the exercise of ordinary care in time to have made the same safe by props prior to the time of appellee's injury; that at and prior to the time of his injury there was nothing in the appearance of said roof to indicate immediate danger, and appellee was unable to find any defect therein by the usual and ordinary tests; that if appellant had performed its duty of inspection and furnished the necessary timbers appellee could and would have made the roof secure and thereby avoided injury.

Appellant contends that the averments of the first paragraph of complaint fail to bring the case within the provisions of §§8580-8585 Burns 1914, Acts 1905 p. 65, for the reason that the allegations show "that at and prior to the time of said injury there was nothing in the appearance of said roof to indicate immediate danger, and he was unable to find any defect therein by the usual and ordinary tests"; that such averments show that full compliance with all the requirements of the statute by appellant would not have enabled it to discover the defects and to have remedied them in time to avoid the accident, and that they also show that appellee would not have used timbers had they been furnished him in due time.

The averments of the first paragraph are sufficient to show that appellant failed to perform two statutory duties, viz., the furnishing of timbers and the inspection of the mine by the mine boss. The discharge of such statutory duties are in no way dependent upon or modified by the ability, the diligence or

want of diligence of the employe in discovering and remedying defects in the place he is required to work and which by the provisions of the statute the employer is bound to make safe in the manner and by the means therein described.

Furthermore, the allegations do not show that appellant could not have discovered the unsafe condition of the roof and made the same secure, but they do show that the defect could have been discovered and remedied by compliance with the statute. The allegations that appellee did not ascertain the immediate danger, and could not by the ordinary tests discover the defect in the roof which caused his injury, fall short of showing that additional props would not have been used by appellee had appellant provided them as required by the statute, and do not show appellee guilty of contributory negligence as a matter of law, by continuing to work under the conditions shown by the averments of the complaint; nor do such averments overcome or nullify the allegations which charge the failure of appellant to perform its statutory duty and show that such failure was the proximate cause of appellee's injury. The first paragraph is sufficient and states a cause of action under the statute. *Peabody-Alwert Coal Co.* v. *Yandell* (1912), 179 Ind. 222, 100 N. E. 758; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Vandalia Coal Co.* v. *Alsopp* (1916), 61 Ind. App. 649, 109 N. E. 421; *Davis Coal Co.* v. *Polland* (1901), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319; *Antioch Coal Co.* v. *Rockey* (1907), 169 Ind. 247, 82 N. E. 76; *Diamond Block Coal Co.* v. *Cuthbertson* (1905), 166 Ind. 290, 76 N. E. 1060.

The second paragraph of complaint is sufficient under the Employers' Liability Act of 1911, Acts 1911

p. 145, §8020a *et seq.* Burns 1914; *Vandalia Coal Co.* v. *Alsopp, supra; Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916D 258; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 588, 110 N. E. 680.

Judgment affirmed.

NOTE.—Reported in 113 N. E. 767. Master and servant: liability of mine owner to servant for injuries caused by falling of mine roof, Ann. Cas. 1912B 577; duty of mine owner as to props and timbers in mines, 87 Am. St. 588. See under (3) 26 Cyc 1395.