UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* STATE OF INDIANA, EX REL. FINLEY ET AL.

[No. 9,805. Filed March 27, 1919.]

1. PRINCIPAL AND SURETY.—*Affirmative Action by Surety.—Necessity of Paying Debt.*—A surety on a guardian's bond cannot originate affirmative action to recover money for which it is liable on behalf of its principal until it has paid the debt for which it is bound. p. 642.

2. PLEADING.—*Cross-Complaint.—Pleading New Matters Between the Parties.*—A party defendant cannot be permitted by cross-complaint to bring in new parties and litigate matters wholly between themselves which cannot affect the plaintiff's right of recovery on the complaint, so that, in an action by a guardian against a former guardian and his surety, the surety cannot by cross-complaint bring in a bank with which the former guardian had deposited trust funds and litigate its right to recover from the bank, such matters not being germane to the original action. p. 642.

3. PLEADING.—*Demurrers to Answers.—Bad Complaint.*—Where a complaint is bad, demurrers to paragraphs of answer were properly overruled, regardless of whether any of such answers were insufficient. p. 643.

4. JUDGMENT.—*Motion to Modify.—Office of.*—The office of a motion to modify a judgment is to correct the judgment in its form, and such a motion cannot be permitted to perform the office of

NOVEMBER TERM, 1918. 639

U. S. Fidelity, etc., Co. *v.* State, ex rel.—69 Ind. App. 638.

appeal or review, or of substituting another judgment for one that was rendered. p. 643.

5. APPEAL.—*Review.—Ruling on Motion for New Trial.—Joint Motion as to Pleadings.*—Where a motion for a new trial is joint as to the complaint and cross-complaint, there must be error in overruling the motion as to both pleadings, or the error is not available on appeal. p. 644.

6. APPEAL.—*Briefs.—Waiver of Error.*—Where none of the propositions and points in appellant's brief are directed to any specific ground of the motion for new trial, each being a general statement without specific application to some ground of the motion, the assignment of error in overruling the motion is waived. p. 644.

From Monroe Circuit Court; *Harry A. Lee,* Special Judge.

Action by the State of Indiana, on the relation of Mary R. Finley, guardian, against the United States Fidelity and Guaranty Company and another. From a judgment for relator, the defendant named appeals. *Affirmed.*

*John F. Regester,* for appellant.
*William M. Louden* and *Edwin Corr,* for appellees.

NICHOLS, J.—This action was commenced in the Monroe Circuit Court by the appellee State of Indiana, on the relation of Mary R. Finley, guardian of William M. Adkins, a minor, against the appellant and William E. Adkins, upon his bond as the former guardian of said minor, upon which said bond the appellant was the surety. It is averred in the complaint that the said Adkins was appointed as the guardian of said minor in the year 1904 by the Monroe Circuit Court; that there came into his hands as such guardian money belonging to said ward to the amount of $416.66; that he failed to file an inventory, or to make any reports as such guardian, and that he removed from the State of Indiana, and that he

made such further defaults that he was removed as such guardian, and that the relatrix was appointed to succeed him on April 11, 1914; that such former guardian and the appellant had failed and refused to account for the said moneys coming into the hands of said former guardian. Judgment in the sum of $1,000 is demanded. The bond is in the usual form of such instruments, and is made a part of the complaint. To this complaint the appellant answered in three paragraphs—denial, payment, and that the money was then on deposit in the Monroe County State Bank. Appellee State, ex rel. Mary R. Finley, replied to the affirmative paragraphs of answer in denial. Appellant had the appellee Monroe County State Bank made a party, and filed a cross-complaint against it in two paragraphs. Appellee bank filed answer in seven paragraphs to the first paragraph of the said cross-complaint, and answer in six paragraphs to the second paragraph. Appellant filed demurrer to the five affirmative paragraphs of said answer to the second paragraph of cross-complaint, which was overruled as to each paragraph of said answer. Appellant then filed reply to each paragraph of said answer. The case was tried on these issues, and there was a general finding and judgment in favor of the appellee State, ex rel., and against the said William E. Adkins and the appellant for the sum of $513.41, and the further sum, by way of penalty, of $51.34, and that appellant recover nothing on its cross-complaint against appellee Monroe County State Bank. Appellant made its motion to modify the judgment, and its motion for a new trial, each of which motions was in its order overruled, after which this appeal is prosecuted.

The errors relied upon for reversal are: (1) Overruling appellant's demurrer to the second, third, fourth and fifth paragraphs of answer to the second paragraph of cross-complaint, and as to each paragraph separately and severally. (2) Overruling appellant's motion to modify the judgment. (3) Overruling appellant's motion for a new trial.

The second paragraph of appellant's cross-complaint is quite long, covering ten pages of appellant's brief, the substance of which, so far as necessary for this decision, being that in 1904 William E. Adkins was appointed by the Monroe Circuit Court as guardian of William M. Adkins, with bond in the sum of $1,000, appellant being surety therein; that there came into his hands as such guardian $416.66, which he deposited in the bank of appellee Monroe County State Bank; that at said time the bank well knew that said money was a trust fund, belonging to said minor; that the bank wrongfully placed the same to the credit of William E. Adkins personally; that said guardian defaulted in his said trust, and removed his residence from the jurisdiction of the court; that he was removed as such guardian, and relatrix was appointed as his successor, April 14, 1914; that thereupon the relatrix, in the name of the state, instituted the main action against said Adkins and this appellant, setting up Adkins' default, and asking for judgment in the sum of $1,000; that the said $416.66 is the same money for which the relatrix asks an accounting; that after the deposit of the funds as aforesaid, Adkins drew his personal check to divers persons aggregating $299.37, and that the bank wrongfully and unlawfully paid the same from said funds, and that the wife of said Adkins drew certain checks to divers persons

642     APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc., Co. *v.* State, ex rel.—69 Ind. App. 638.

aggregating $121.70, signing each of the checks "Mrs. W. E. Adkins," and that the bank wrongfully and unlawfully paid the same from said funds, and that no part of the funds so checked as aforesaid was for the benefit of the minor; that no part of such funds has been paid out upon the check of Adkins as such guardian. There is an averment of demand for the funds of the bank, of the liability of this appellant as surety, and a prayer for judgment against appellee bank, and that such appellee be required to pay the amount of said funds and interest into court, and that appellant be credited with the sum so paid in on any judgment that may be rendered against it. After demurrer to this paragraph of cross-complaint, which was overruled, as heretofore noted, there was an answer in six paragraphs, to the last five of which there was a demurrer, which was overruled as to each paragraph. This ruling is assigned as error.

There is no averment in this paragraph of cross-complaint that the appellant had paid the debt, but, to the contrary, the pleading is a clear admission that appellant has not paid the same. It is the rule that a surety may not originate affirmative action until he has paid the debt for which he is bound. *Covey, Admr.,* v. *Neff* (1878), 63 Ind. 391.

The appellee bank was not a party defendant to the original action, and is the only party defendant to the cross-complaint. A party defendant cannot be permitted by way of cross-complaint to bring in new parties and litigate matters wholly between themselves, and which cannot affect the plaintiff's right of recovery upon the complaint. The facts pleaded in the cross-complaint are not ger-

mane to the original action. We hold that the cross-complaint was bad. *Miami County Bank* v. *State, ex rel.* (1916), 61 Ind. App. 360, 112 N. E. 40; *Hunter* v. *First Nat. Bank* (1909), 172 Ind. 62, 87 N. E. 734; *Hinkle* v. *Hinkle* (1898), 20 Ind. App. 384, 50 N. E. 829. Such being the, case, the demurrer to each of the five paragraphs of answer was properly overruled, even though they or any of them were bad, for a bad answer is good enough for a bad complaint. *Mitchell* v. *City of Peru* (1904), 163 Ind. 17, 71 N. E. 132; *Bonham* v. *Doyle* (1907.), 39 Ind. App. 438, 77 N. E. 859, 79 N. E. 458.

Appellant moved to modify the judgment as follows: "That as a part of said judgment the defendant bank be required to pay into court the sum of $121.70, and that it operate as a credit on the judgment rendered against the appellant, that sum being the amount paid to Mrs. W. E. Adkins, by the defendant bank, on checks signed by her personally, and charged against the fund belonging to the ward of the guardian." As the appellee bank was a defendant only to the cross-complaint, this relief can be granted only by virtue of the cross-complaint, but, as hereinbefore appears, the cross-complaint does not state a cause of action. Further, in this case there was a general finding for the plaintiff, and the judgment follows the finding in every respect, and if it is wrong it is so because the finding of the court is wrong. The motion does not go to a correction of the judgment in its form, and this is the office of such a motion. It cannot be permitted to perform the office of appeal, or review, or of substituting another judgment for the one that was rendered. *Pursley* v. *Wickle* (1891), 4 Ind. App. 382, 30 N. E. 1115; *Nichols,*

644    APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc., Co. *v.* State, ex rel.—69 Ind. App. 638.

*etc., Co.* v. *Berning* (1906), 37 Ind. App. 109, 76 N. E. 776; *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 97 N. E. 361; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 49 N. E. 1050.

In its motion for a new trial, the appellant complains, both as defendant and cross-complainant, that: (1) The damages assessed are excessive. (2) The court erred in the assessment of the amount of recovery, the amount assessed being too large. (3) The decision of the court is not sustained by sufficient evidence. (4) The decision of the court is contrary to law. (5) The court erred in overruling this party's motion to modify the judgment entered in said cause. The last specification of error in the motion for a new trial is presented and discussed under a separate assignment of error.

We note that the motion for a new trial is joint as to the complaint and the cross-complaint. There must therefore be error in overruling the motion as to both pleadings, or the court's ruling is not available to the appellant as error. *Kingler* v. *Smith* (1892), 131 Ind. 524, 29 N. E. 364, 31 N. E. 355; *DeVay* v. *Dunlap* (1893), 7 Ind. App. 690, 35 N. E. 195; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N. E. 601; *Heaston* v. *Krieg* (1906), 167 Ind. 101, 77 N. E. 805, 119 Am. St. 475. But, as hereinbefore appears, there was no error in overruling the motion as to the cross-complaint, as it does not state a cause of action. Further, of the first fifteen points and propositions none is directed to any specific ground of the motion for a new trial, and each being a general statement without specific application to some ground in the motion, the assignment of error in overruling the motion is waived. *Vandalia*

*Coal Co.* v. *Shepard* (1918), 67 Ind. App. 78, 113 N. E. 767; *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218.

We find no available error. Judgment affirmed.