## MOCK v. MEEK.

[No. 10,068.    Filed February 17, 1920.    Rehearing denied April 30, 1920.    Transfer denied December 8, 1921.]

1.  APPEAL.—*Briefs.—Waiver of Error.—Points and Authorities.*—Grounds for new trial to which no point is addressed in appellant's brief are waived.  p. 107.

2.  MORTGAGES.—*Cancellation.—Evidence. — Sufficiency to Show Instrument to be a Deed.*—In an action by a widow to set aside and annul an instrument purporting to be a warranty deed on the ground that it was a mortgage given to secure the payment of a loan to her husband, evidence *held* sufficient to support a finding that the transaction was a sale and the conveyance absolute, as contended by defendant grantee.  p. 108.

3.  MORTGAGES.—*Cancellations.—Questions of Fact. — Character. of Instrument.*—In an action by a widow to annul an instrument purporting to be a warranty deed on the ground that it was a mortgage given to secure the payment of money borrowed by her husband, whether the transaction in which the instrument was given was a sale or whether the instrument was a mortgage was a question of fact.  p. 109.

4.  HUSBAND AND WIFE.—*Suretyship of Wife.—Payment of Husband's Debts.*—While the statute prohibits the wife from becoming a surety for the debts of her husband, the statutory inhibition does not prevent a wife from selling her property and using the proceeds in paying her husband's debts.  p. 109.

From Shelby Circuit Court; *Alonzo Blair*, Judge.

Action by Anna C. Mock against John T. Meek, in which defendant filed a cross-complaint. From the judgment rendered, the plaintiff appeals.  *Affirmed.*

*Edward W. Little, Frank W. Little* and *Frank S. Roby*, for appellant.

*Hugh Wickens, John E. Osborn* and *Frank Hamilton*, for appellee.

ENLOE, J.—This was an action by appellant, against the appellee, to cancel, set aside and annul an instrument, which on its face purported to be a warranty deed.

The amended complaint upon which the cause was

tried, was in three paragraphs. The first of said paragraphs alleged the procuring of said deed fraudulently; the second, the coverture of appellant, the indebtedness of the husband of appellant in the sum of $5,200, and the loan of said sum by the appellee to her said husband, and the execution of this instrument in question by appellant, and that the same was executed as a mortgage, to secure the repayment to appellee by appellant's said husband, of the moneys so borrowed, etc.; the third paragraph, while the facts alleged therein are somewhat differently stated, also proceeded upon the theory that said instrument was in fact a mortgage, given to secure the payment of a debt owed by her husband.

There was prayer for the cancellation of said deed, and that her title be quieted.

The appellee answered by general denial and also by two affirmative paragraphs. He also filed a fourth paragraph of answer, by way of counterclaim. To these paragraphs of answer replies were filed by the appellant, and issues thus presented closed. The appellee also filed a cross-complaint against the appellant, wherein he alleged that he was the owner and entitled to the possession of said real estate, and asked that he be awarded the possession thereof, and that his title be quieted, etc. Answer in general denial to the several paragraphs of cross-complaint closed the issues, which were submitted to the court for trial. There was a finding against the appellant, and in favor of appellee, upon the issues tendered by the complaint and the answers thereto, and also a finding in favor of appellee upon his cross-complaint, and the issues tendered thereby, and there was judgment accordingly.

The appellant then filed her motion for a new trial, which being overruled, she prosecutes this appeal, 1. and has assigned as error, the overruling of said motion for a new trial. The only points pre-

sented by appellant in his brief filed herein relate.to the first and second causes for such new trial, as assigned in said motion, to wit: (1) That the decision of the court is contrary to law; and (2) that the decision of the court is not supported by sufficient evidence. All other assigned causes are therefore waived. *United States Fidelity Co.* v. *State* (1919), 69 Ind. App. 638, 122 N. E. 598; *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96.

The record discloses that the appellant was, in March, 1911, the wife of one Henry M. Mock, since deceased, and that at that time she and her husband were living at 2122 Central avenue, Indianapolis, in the property which is the subject of this suit; that her husband was the administrator of the estate of his father, Martin Mock, by appointment of the Marion County Probate Court, and that the Federal Union Surety Company was the surety on his bond as such administrator; that said Henry M.. Mock was also the guardian of one George Slick, by appointment of the Decatur Circuit Court, and that Joseph Styers and Leopold Spitsmesser were sureties on his said guardian's bond; that he was a defaulter as to each of said trusts, and was being pressed for a settlement of the same; that he was without money to pay and settle such shortage, and owned no property that he could convert into cash and thereby obtain the necessary funds, amounting to about $5,000 with which to make such settlement; that he had been threatened with criminal prosecution for embezzlement, if such funds were not obtained, and such settlement made; that the appellant was the owner of the property in which she and her husband then resided, and which property forms the subject of this suit.

As to the things which were thereafter done, there is some conflict in the evidence, and a wide difference in

the contentions of the respective parties to this appeal. The appellant contends that to enable her husband to pay and settle his said indebtedness the appellee loaned to her said husband the sum of $5,200, and that to secure the repayment of the same to the appellee, she, appellant, executed the instrument in question; that the same is a mortgage; that she was attempting thereby to become surety for her said husband, in the matter of repaying said money so borrowed, in violation of the statute, and that therefore said instrument was null and void.

On the other hand, the appellees contend that the transaction in question was a sale; that appellee purchased the property in good faith, and paid the full agreed purchase price therefor to the appellant; that if the appellant, after she received the money for said property, saw fit to turn said funds over to her husband, to enable him thereby to escape a criminal prosecution, she had a legal right so to do; that what she did with the funds so received, the transaction by which she received said funds being a sale, is of no concern to appellee.

Whether the transaction in question was a sale, or a mortgage, was a question of fact for the trial court. If it was, in effect, only a mortgage, then the transaction was void under our statute. This is so firmly settled as to need no citation of authority. While our statute, in force at the time said transaction took place, by its express terms prohibited the wife from becoming surety, there was not in said statute any inhibition against a wife, if she chose so to do, selling her property and using the proceeds derived therefrom in paying a husband's debts. This she could do directly, paying the debts herself, or by giving to her husband the funds with which to make payment.

The trial court found the transaction to be a sale, and

rendered its decree accordingly, and there is ample evidence to support this finding. We find no error, and the judgment is therefore affirmed.

Remy, J., not participating.