## WARRICK, ASSESSOR, ET AL. *v.* SPRY.

[No. 7,821.   Filed February 1, 1912.]

1. APPEAL.—*Parties.*—Where two or more are sued jointly and final judgment is rendered against one only, he alone can appeal therefrom.   p. 330.

2. APPEAL.—*Questions Presented.*—*Demurrer to Complaint.*—*Exceptions to Conclusions of Law.*—Where the exceptions to the conclusions of law present the same questions as the demurrer to the complaint, the court on appeal need only to decide the points raised by such exceptions.   p. 330.

3. TRIAL.—*Conclusions of Law.*—*Exceptions.*—Exceptions to conclusions of law admit, for the purposes of such exceptions, that only the facts set out in the special findings are correctly found.   p. 330.

4. INJUNCTION.— *County Treasurers.*—*Collecting Taxes.*—*Duplicates.*—*Special Findings.*—*Failure to Find Threats of Collection.*—*Judicial Notice.*—In a suit to restrain a county treasurer from collecting taxes levied against the plaintiff, a special finding that the duplicate "containing said valuations of property was delivered by said auditor to defendant * * * treasurer of said county, who now has it in his possession," sufficiently shows that such defendant was threatening to collect such tax, since the court takes judicial notice of such officer's duty, it being unnecessary to find facts of which the courts take judicial notice.   p. 330.

5. TRIAL.—*Special Findings.*—*Conclusions of Law.*—*Amendments.*—Special findings, or conclusions of law, may be amended at any time before final judgment and during the period within which a bill of exceptions containing the evidence may be filed.   p. 331.

6. APPEAL.—*Amending Special Findings and Conclusions of Law.*—*Favorable Rulings.*—A party is not harmed by an amendment of the special findings and conclusions of law, made in his favor.   p. 332.

7. PLEADING.—*Motions for Judgment on Certain Paragraphs of Complaint.*—A motion for judgment on certain paragraphs of the complaint is not recognized by our code.   p. 332.

8. TRIAL.—*Conclusions of Law.*—*Questioning.*—If the facts found do not justify the conclusions of law, an exception to such conclusions presents the question of their correctness.   p. 332.

9. JUDGMENT.—*Motions to Modify.*—*Office of.*—The office of a motion to modify a judgment is to correct some matter of form in

such judgment, but not to secure the substitution of a different one. p. 332.

10. INJUNCTION.—*Taxation.*—*"Fair Cash Value."*—*Special Findings.*—In a suit to restrain a county treasurer from collecting certain taxes, a special finding that the plaintiff's personal property at the times in question was of a "fair cash value," instead of a "true cash value," is not prejudicial, §6330 R. S. 1881 defining "fair cash value" the same as §10197 Burns 1908, Acts 1903 p. 49, §7, defines "true cash value." p. 332.

11. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 334.

From Cass Circuit Court; *John S. Lairy,* Judge.

Suit by Thomas W. Spry against Harry G. Warrick, as county assessor of Cass County, and others. From a decree for plaintiff against defendant Moroney, he appeals. *Affirmed.*

*Frank V. Guthrie,* for appellant.
*Long, Yarlott & Souder,* for appellee.

ADAMS, J.—The original complaint in this action was filed December 28, 1907, by appellee, against appellants Harry G. Warrick, assessor, and George W. Cann, auditor, of Cass county, Indiana, to enjoin them from placing on the tax duplicate of Cass county, Indiana, certain alleged void and illegal assessments of taxes against appellee. While the action was pending, said assessments were placed on the current tax duplicate of 1907, and delivered to the treasurer of said county for collection. On May 25, 1908, after said taxes had become delinquent, appellee filed an amended and supplemental complaint, making appellant Matthew Moroney, treasurer of said county, a party defendant, alleging that said valuations and assessments had been placed on the tax duplicate, which had been delivered to said treasurer, and that said treasurer was threatening to collect the taxes. Appellee prayed for an injunction against such collection, and that said taxes be ordered canceled of record. Appellant Moroney filed a demurrer and answers to said amended and supplemental complaint. On September 28, 1908, ap-

pellee filed twelve additional paragraphs of amended and supplemental complaint against appellant Moroney, each stating the same facts, except as to date and amount, and each paragraph relating to the additional taxes alleged to have been unlawfully assessed against appellee, and for each year from 1896 to 1907, inclusive.

The first paragraph of the amended and supplemental complaint was dismissed; and the other paragraphs were put at issue by an answer in denial. Upon request the court made a special finding of facts and stated conclusions of law thereon. Upon the conclusions of law the court rendered judgment in favor of appellants on the second, third, fourth, eighth, tenth, eleventh, twelfth and thirteenth paragraphs of the amended and supplemental complaint, and in favor of appellee on the fifth, sixth, seventh and ninth paragraphs of said complaint.

The judgment on the fifth, sixth, seventh and ninth paragraphs was only against appellant Moroney, and enjoined him from collecting or attempting to collect the tax in question for the years 1899, 1900, 1901 and 1903, and ordered him to cancel the taxes and assessments for said years.

On June 26, 1909, the court, after overruling appellants' motion for a new trial, and after the entry of judgment, on its own motion, set aside the judgment and the ruling on the motion for a new trial. This action was taken by the court on the last day of the term at which the judgment was rendered, and was taken for the reason that an error had been discovered in the eighth finding of fact. At the September term following, the court of its own motion amended the eighth finding and the conclusion of law thereon. The effect of this amendment was that in rendering judgment on the conclusions of law, judgment was rendered in favor of appellants on the seventh paragraph of complaint, instead of for appellee, as in the former judgment.

The judgment appealed from is only against appellant Moroney, treasurer, and is upon the fifth, sixth and ninth

paragraphs of the amended and supplemental complaint, enjoining said treasurer from collecting or attempting to collect the unlawful taxes assessed for the years 1899, 1900 and 1903. There was no judgment rendered against either Warrick, assessor, or Cann, auditor, and they are not necessary parties to this appeal.

Errors relied upon for reversal, and not waived, are (1) overruling the separate demurrers to each paragraph of complaint; (2) overruling the motion for a new trial; (3) error of the court in amending its finding and conclusions; (4) overruling appellants' separate motions for judgment on the fifth, sixth, seventh and ninth paragraphs of complaint; (5) overruling the motion to modify the judgment rendered on the amended conclusions of law; (6) error of the court in stating each of its conclusions of law; and (7) error of the court in stating each of its amended conclusions of law.

The error assigned on the overruling of the separate demurrers to each paragraph of complaint may be passed, as the court made a special finding of facts and stated conclusions of law thereon, to each of which conclusions appellants excepted. Where the exceptions to the conclusions of law present the same question as a demurrer to the complaint, as in this case, the determination of one question determines the other. *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531.

It is well settled that an exception to conclusions of law admits for the purposes of the exception that the facts are not only fully found, but are correctly found. This admission, however, does not go to the extent of supplying a material fact, which the court has omitted to find; and appellant Moroney insists that in this case the court failed to find that he was threatening to levy upon and sell the property of appellee, the finding being that the duplicate "containing said valuations of property was delivered by said auditor to defendant Matthew

Moroney, treasurer of said county, who now has it in his possession.''

In passing on the sufficiency of this finding, it must be borne in mind that this is not an action by one individual, seeking an injunction against another, to restrain some threatened trespass, but is an action against a county treasurer, whose duties are prescribed and whose powers are limited by law. If a private right is invaded by a public officer in the performance of a public duty, a threat by the public officer that he is going to do that which the law requires him to do is an absurdity. A county treasurer is bound to collect the taxes extended on the duplicate as they come to him from the auditor, and to this end he is not only authorized, but required, to levy and sell the property of the delinquent. Of this the courts of this State will take judicial notice, and facts which the courts judicially know need not be expressly found. *Elwood State Bank* v. *Mock* (1907), 40 Ind. App. 685.

Complaint is also made that after the motion for a new trial had been overruled, and judgment had been rendered on the conclusions of law, the court amended its finding and conclusions. That such a right is inherent in the court is the express holding in *Thompson* v. *Connecticut Mut. Life Ins. Co.* (1894), 139 Ind. 325, 356, in which the court said: ''The correction of an inadvertent mistake, however, either on motion of a party or by the court on its own motion, so as, in the opinion of the court, to make the finding conform to the facts proved, is quite another thing. We are, therefore, of opinion that the trial judge should, in all cases, be permitted to amend his special findings and conclusions of law, at any time before final judgment and during the period within which a bill of exceptions containing the evidence may be filed.''

There was no available error in the action of the court, for another and stronger reason. The amendment was in the eighth finding, and the conclusion of law stated thereon,

which, in the first instance, was for appellee; but
6. the amended eighth finding and conclusion thereon
was in favor of appellant Moroney, and the judgment
rendered on the amended finding and conclusion was for said
appellant on the seventh paragraph of complaint, instead of
for the appellee, as first entered. Said appellant was bene-
fited, rather than harmed, by the alleged error.

The overruling of said appellant's motion for judgment
on certain paragraphs of the complaint was not error.
Such motion is not recognized by our code of pro-
7. cedure. If the facts found do not warrant the con-
clusions of law, an exception to the conclusions of
law fully presents the question of the correctness of
8. such conclusions. *Cruzan* v. *Smith* (1872), 41 Ind.
288, 293; *Smith* v. *Davidson* (1873), 45 Ind. 396, 399.

For the same reason the motion to modify the judgment
is unavailing. By this motion appellants sought to have the
court modify the judgment by decreeing that plaintiff
9. take nothing by his fifth, sixth and ninth paragraphs
of complaint, and "is not entitled to injunctive relief
on any paragraph of his complaint." Our procedure does
not contemplate that a motion to modify a judgment can be
employed for any other purpose than to raise questions af-
fecting the form of the judgment. The rule is that if the
judgment gives the party obtaining it greater or less relief
than he is entitled to under the finding or verdict, the rem-
edy in such case is by motion to modify the judgment; but
modifying cannot be held to mean the striking out of one
judgment and the substitution of another and entirely dif-
ferent judgment. *Jarrell* v. *Brubaker* (1898), 150 Ind.
260, and cases cited.

Further objection is made that in the finding of facts, the
court found the value of personal property, subject to taxa-
tion, owned by plaintiff on April 1, on and prior to
10. 1903, and on March 1, subsequent to 1903, to be a
certain "fair cash value," instead of the "true cash

value," as provided in the act of March 6, 1891 (Acts 1891 p. 199, §48, §8458 Burns 1901). It is unnecessary to determine whether there is any difference between "true cash value" and "fair cash value," as the legislature has itself settled the question. Section 6330 R. S. 1881, provided a rule for the valuation of property for purposes of taxation, and required the owner to render a statement of his property, and that "he shall affix what he deems the fair cash value thereof to each item of personal property, for the guidance of such assessor." It is therein further provided that "in determining and settling such valuation, the assessor shall be governed by what is the fair cash value, such being the market or usual selling price at the place where the property shall be at the time of its liability to assessment; and if there be no market value, then the actual value." Section 48 of the act of 1891, as amended by the act of 1903 (Acts 1903 p. 49, §7, §10197 Burns 1908), provides that the person assessed "shall fix what he deems the true cash value thereof to each item of property for the guidance of such assessor, who shall determine and settle the value of each item, after examination of such statement, and also an examination under oath of the party or any other person, if he deems it necessary. In determining and settling such value, he shall be governed by what is the true cash value, such being the market or usual selling price at the place where the property shall be at the time of its liability to assessment, and if there is no market value, then the actual value."

It will be observed that the legislature, while using the words "fair cash value" in the earlier act, and the words "true cash value" in the present act, intended that the terms should have an identical meaning. Each act places the same interpretation on the words.

The motion for a new trial calls in question the sufficiency of the evidence to sustain the finding. In such case, we cannot weigh the evidence or pass upon the credibility

of the witnesses. Where there is any evidence tend-
11. ing to sustain the special finding, it will be sufficient
on appeal. There was evidence before the court sup-
porting the finding. *Robinson & Co.* v. *Hathaway* (1898),
150 Ind. 679; *Board, etc.,* v. *Eaton* (1906), 38 Ind. App. 30.

What has already been said makes it unnecessary to con-
sider the error predicated on the exception to the conclu-
sions of law. The finding was upon all the material issues,
and the conclusions clearly stated the law upon the facts
found.

There being no reversible error in the record, the judg-
ment is affirmed.