WELLS *v.* HUFFMAN ET AL.

[No. 9,724. Filed February 14, 1919.]

1. APPEAL.—*Questions Reviewable.—Ruling on Demurrer.—Briefs.* —No question as to alleged error in the action of the trial court in overruling appellant's demurrer to the cross-complaint against

him is presented for review on appeal where appellant fails to set out in his brief the cross-complaint, demurrer, or memorandum, as required by Rule 22, cl. 5, of the Appellate Court.  p. 387.

2.  MORTGAGES.—*Release Through Mistake.—Revival.*—When a new mortgage is substituted in ignorance of an intervening lien, the mortgage released through mistake may be restored in equity and given its original priority as a lien, where the rights of innocent third parties will not be affected, and a subsequent lienholder, whose right existed at the time of the discharge, cannot object to the prior mortgagee being restored to his rights.  p. 388.

3.  MORTGAGES.—*Extinguishment.—Right to Equitable Relief.*— Equity will keep alive an incumbrance when equity requires it, and it was not the intention of the parties that the incumbrance should be extinguished.  p. 389.

4.  JUDGMENT.—*Motions to Modify.—Office of.*—A motion to modify a judgment cannot be employed for any purpose other than to raise questions as to the form of the judgment, and cannot be used to secure the striking out of one judgment and the substitution of another in its place.  p. 389.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Action by Nancy E. Huffman against Seth G. Wells and others. From the judgment rendered, the defendant named appeals. *Affirmed.*

*F. C. Focht, T. W. Hutchens* and *George H. Ward,* for appellant.

*Macy, Nichols & Bales* and *Jesse Canady,* for appellees.

McMahan, J.—The appellee, Nancy E. Huffman, was, on July 7, 1908, the owner of lot No. 58 in block No. 3, in Mumma's addition to the town, now city, of Winchester, in Randolph county, Indiana, and for the purpose of making a distribution of her estate between her children, she, on said day, deeded said lot to her son, Orlando L. Huffman, who, on the same day, his wife joining, executed a mortgage back to his mother to secure the payment of the sum of $200 per

year as an annuity to be paid by him to her as long as she lived.

Orlando L. Huffman and wife, on August 11, 1913, reconveyed said lot back to Nancy E. Huffman. The circumstances surrounding this conveyance will appear in the facts as found by the court and hereinafter set out in this opinion.

This action was commenced by the appellee Nancy E. Huffman against the appellant, the appellee Peoples Loan and Trust Company, and John C. Henning, sheriff of Randolph county, to enjoin the sheriff from selling the said lot to satisfy a judgment which the appellant had recovered against Orlando L. Huffman while he was the owner of said lot, and asking that the mortgage that her son had given her be revived and kept alive and foreclosed against all the parties named, and that a certain mortgage which Orlando L. Huffman had given to the Peoples Loan and Trust Company, and which had been released, be kept alive in order to protect her.

The Peoples Loan and Trust Company filed a cross-complaint against the appellee Nancy E. Huffman, the appellant, Seth G. Wells, and others, in which it asked for the foreclosure of a mortgage which Nancy E. Huffman had given it after said lot had been reconveyed to her, this mortgage having been given by her to take up the mortgage which Orlando L. Huffman had given while he was the owner of said lot and prior to the time when the appellant secured his said judgment. The said trust company, in its cross-complaint, asked that the mortgage which Orlando L. Huffman had given be kept alive, that the same be foreclosed in connection with the mortgage which Nancy E. Huffman had given it, and that its

lien be declared a prior lien to the judgment of appellant.

After appellant had demurred to the complaint and cross-complaint, the cause was put at issue and tried by the court. At the request of the appellant, the court found the facts specially and stated conclusions of law thereon. Appellant excepted to each conclusion of law.

The facts, as found by the court, are as follows: That on June 3, 1913, the appellant, Seth G. Wells, recovered a judgment in the Delaware Circuit Court against Orlando L. Huffman for $1,177.13, and on June 6, 1913, a transcript of said judgment was filed in the clerk's office of the Randolph Circuit Court. That at the time of the rendition of said judgment, and at the time of the filing of said transcript, Orlando L. Huffman was the owner in fee simple of the following described real estate, situate in the county of Randolph, and State of Indiana, to wit: "Lot No. 58 in Block 3 in Mumma's Addition to the town, now city, of Winchester." That he became seized in fee simple of said lot 58 by a deed of general warranty, executed, acknowledged and delivered by Nancy E. Huffman, on July 7, 1908, as a part of the distributive share of her estate to said Orlando L. Huffman, as her son. That at said time Orlando L. Huffman, his wife joining him therein, executed back to said Nancy E. Huffman their mortgage to secure the payment to said Nancy E. Huffman of the sum of $200 per annum as an annuity to be paid said Nancy E. Huffman by said Orlando L. Huffman annually during the balance of her life. That at the same time, and as a part of the transaction, and as a further distribution of her property to her children,

and for the purpose of equalizing her son with the other children, out of her property, she executed her note to the said Orlando L. Huffman in the sum of $1,400, payable at her death. It was provided in said mortgage that if said Orlando failed to pay said $200 annuity for any year, or any part thereof, the said Nancy E. Huffman might have credit on her said note of $1,400 for such part as he failed to pay.

That on May 23, 1910, and while he was the owner thereof, and while said mortgage so executed to his mother to secure the payment of said $200 annuity was yet alive, the said Orlando, being indebted to the Savings, Loan and Trust Company of Winchester, Indiana, executed his note for $1,040 with interest thereon at the rate of eight per cent. per annum payable to the said Savings, Loan and Trust Company, and secured the same by a mortgage on said lot 58, and by delivering as collateral security two certain $1,000 notes.

That said Savings, Loan and Trust Company thereafter, to wit, on February 13, 1911, before the maturity of said $1,040 note, sold, assigned and delivered said note and mortgage, together with said two $1,000 notes as collateral security to the appellee, the Peoples Loan and Trust Company of Winchester, Indiana. On August 16, 1913, it having been discovered that the genuineness of said $1,000 notes, so held by said Savings, Loan and Trust Company, was disputed, and that they were of no value, the said Peoples Loan and Trust Company were unwilling to continue the loan further without additional security, and brought suit thereon.

For the purpose of protecting said loan of $1,040, and relieving himself from the payment thereof, the

said Orlando L. Huffman, his wife joining him therein, by their quitclaim deed did, on August 11, 1913, convey said lot back to said Nancy E. Huffman, and said Nancy E. Huffman thereafter, on August 18, 1913, without any actual notice or knowledge of the judgment of the defendant, Seth G. Wells, and of the filing of the transcript thereof in the office of the clerk of the Randolph Circuit Court, and believing that the only lien on said land was her annuity mortgage and the said mortgage so executed by the said Orlando L. Huffman to said Savings, Loan and Trust Company, duly executed, acknowledged and delivered her note in the sum of $1,173.73, being the principal and interest of the said note of $1,040 so executed by the defendant, Orlando L. Huffman, and duly executed, acknowledged and delivered her certain mortgage on said lot No. 58 to the said Peoples Loan and Trust Company, which said trust company then and there surrendered said $1,040 note and satisfied of record the mortgage securing the same, and delivered to the appellee Nancy E. Huffman said $1,040 note and said mortgage duly released and the two notes of $1,000 each, given as collateral security by the said Orlando L. Huffman, to the said Savings, Loan and Trust Company, which said notes and mortgage were canceled and destroyed.

That the said Orlando L. Huffman failed, refused and neglected to pay said $200 annuity to the said Nancy E. Huffman, and failed to give her any credit on said $1,400 note, but that the said Nancy E. Huffman collected the rents from said lot No. 58, from the time of the execution of her deed on July 7, 1908, up to August 11, 1913, in all the sum of $500, and that at the time of the transfer of said real estate by said

Orlando he was indebted to his mother in the sum of $500 on said annuity, and that she took said lot No. 58 subject to the said $1,040 mortgage, and with the lien of her own mortgage thereon.

That the said Nancy E. Huffman at the time of the conveyance of lot No. 58 to her said son was old and feeble, in poor health, and without any business experience whatever, and that at the time of the transfer of said real estate back to her by her said son she intended, by taking said title and executing said new mortgage to the said Peoples Loan and Trust Company, to give said trust company the first, prior and superior lien on said lot No. 58, and did not intend to give anybody else priority, and believed by the execution of said mortgage to said Peoples Loan and Trust Company that she was giving it the first, prior and superior lien, and did not intend, by taking the release of said mortgage of the said Orlando L. Huffman to the Savings, Loan and Trust Company, to give anyone else priority or superiority over the lien of that mortgage, which she had herself taken for the purpose of securing her annuity of $200.

That on April 14, 1915, appellant, Seth G. Wells, procured an execution of the Delaware Circuit Court to be issued to the defendant, John C. Henning, sheriff of Randolph county, Indiana, to be levied upon the real estate above described. That said sheriff levied said execution upon said lot.

That said $1,040 mortgage was long past due at the time of the reconveyance of said lot from the said Orlando L. Huffman and his wife to the appellee Nancy E. Huffman, and that at the bringing of this suit said note and mortgage so executed by the said Nancy E. Huffman to the said Peoples Loan and

Trust Company for $1,173.73 was long past due and wholly unpaid; that there is due the defendant, the Peoples Loan and Trust Company from Nancy E. Huffman on its note and mortgage the sum of $1,330.32, waiving valuation, and that the said John C. Henning has no interest in this controversy other than as the sheriff of the county holding the execution in suit.

Upon the above facts the court concluded as a matter of law that the law and equity are with Nancy E. Huffman, that the lien of the mortgage executed by Orlando L. Huffman and his wife on said lot No. 58 in block No. 3 in Mumma's addition to the town, now city, of Winchester, for $1,040 ought to be and is kept alive in the mortgage executed by the appellee Nancy E. Huffman to the Peoples Loan and Trust Company, and that the Peoples Loan and Trust Company have a right to a judgment of foreclosure of said mortgage and a judgment on said note and an order for the sale of the real estate free from the lien of the judgment of the appellant, Seth G. Wells, and that the proceeds arising from the sale of said real estate, after the payment on the costs and expenses of the proceeding, ought to be applied first to the satisfaction of the judgment of the note and mortgage of the said Peoples Loan and Trust Company, and any balance of the proceeds arising from the sale of said real estate shall be applied to the discharge of the judgment lien of appellant, Seth G. Wells, and any balance of the proceeds not thus consumed shall be paid to the appellee Nancy E. Huffman, and that John C. Henning ought to be perpetually enjoined from the sale of said property.

Appellant excepted to each conclusion of law. A

decree was then entered in accordance with said con-
clusions.

The appellant filed a motion to make the complaint
of Nancy E. Huffman more specific, which was over-
ruled. He then filed a demurrer to her complaint,
which was also overruled. Mrs. Huffman filed a mo-
tion to strike out the second paragraph of appellant's
answer, which was sustained. Appellant saved an
exception to each of these rulings, and has assigned
each of said rulings as error.

In view of the fact that the court found in favor of
appellant and entered a decree making his judgment
lien prior to the mortgage lien of Mrs. Huffman, the
ruling on these motions is rendered harmless.

The fourth assignment of error relates to the ac-
tion of the court in overruling appellant's demurrer
to the cross-complaint of the Peoples Loan and
1. Trust Company. No question is presented by
this assignment for the reason that the appel-
lant has failed to set out in his brief the cross-com-
plaint, demurrer, or memorandum, as required by
clause 5, Rule 22, of this court.

The fifth and sixth assignments of error are that
the court erred in each conclusion of law, and will be
considered together.

Appellant insists that, when appellee Nancy E.
Huffman took the quitclaim from her son, her annuity
mortgage merged with the title to the real estate,
and that, when she gave her note and mortgage, in
renewal of the note and mortgage of Orlando L. Huff-
man, given to the Savings, Loan and Trust Company
and assigned to the Peoples Loan and Trust Com-
pany, she was not subrogated to the rights of the
Peoples Loan and Trust Company. The trial court

so held, and, Nancy E. Huffman not having appealed, we will give no consideration to the question of merger or subrogation.

Appellant contends that, when the Peoples Loan and Trust Company released the Orlando L. Huffman mortgage which had been assigned to it, such mortgage then ceased to be a lien, and that no judicial act could keep it alive as against other lienholders, and cites *Nelson* v. *McKee* (1913), 53 Ind. App. 344, 99 N. E. 447, 101 N. E. 651, and *Goodyear* v. *Goodyear* (1887), 72 Iowa 329, 33 N. W. 142, in support of this theory. Neither of these cases are in point. They are cases where the purchaser of real estate asks to be subrogated to the rights of a mortgagee, whose mortgage was paid by the purchaser who took title from a party against whom judgments had been taken. The right of a mortgagee to have his mortgage revived and kept alive is not mentioned or discussed in either case. Both of these cases in fact support the action of the trial court in making the lien of appellant's judgment prior to the annuity mortgage of Nancy E. Huffman.

When a new mortgage is substituted in ignorance of an intervening lien, the mortgage released through mistake may be restored in equity, and given its original priority as a lien, where the rights of innocent third parties will not be affected. In such a case, a subsequent lienholder, whose right existed at the time of such discharge, cannot object to the prior mortgagee being restored to his rights. *Sidener* v. *Pavey* (1881), 77 Ind. 241.

Equity will keep alive an incumbrance when equity requires it, and it was not the intention of the par-

ties that the incumbrance should be extinguished. 3. *Hanlon* v. *Doherty* (1887), 109 Ind. 37, 9 N. E. 782. The court found that the appellee Peoples Loan and Trust Company, when it accepted the new mortgage and released the old one, had no knowledge of the existence of appellant's judgment. Under the circumstances as exist in this case, it is well settled that the acceptance by a mortgagee of a new mortgage and his cancellation of the old one does not deprive him of his right to have the lien of the discharged mortgage continued against an intervening lien. 19 R. C. L. 452. *Laconia Savings Bank* v. *Vittum* (1902), 71 N. H. 465, 52 Atl. 848, 93 Am. St. 561.

The seventh assignment of error is that the court erred in overruling appellant's motion to modify the judgment. Appellant filed a motion asking that the judgment be modified: First, by substituting a judgment and decree foreclosing the mortgage executed by Orlando L. Huffman and wife to the Savings, Loan and Trust Company, and that in connection therewith a personal judgment be rendered against Orlando L. Huffman; second, that the lien of appellant's judgment be adjudged to be prior to the lien of the appellee trust company's mortgage. The first part of this motion sought to have the court strike out one judgment or decree, and substitute another in its place and to add a personal judgment in favor of the trust company against Orlando L. Huffman.

A motion to modify a judgment cannot be employed for any purpose other than to raise questions as to the form of the judgment. The rule is 4. that, if the judgment gives the party obtaining it greater or less relief than he is entitled to

under the finding or verdict, the remedy is by motion to modify, but modifying cannot be held to mean the striking out of one judgment and substituting another in its place. *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 97 N. E. 361.

The court, in our judgment, correctly held that the mortgage lien of the trust company was a prior lien to that of appellant's judgment. There was no error in overruling the motion to modify.

The next error relied upon is the overruling of appellant's motion for a new trial. The only questions sought to be raised by the motion for a new trial are: First, that the decision is not sustained by sufficient evidence; and, second, that the decision is contrary to law.

There is no conflict in the evidence, and there is ample evidence to support every fact found by the court. Appellant, in his points and authorities in support of this assignment, refers us to the same points and authorities which he cited in support of the assignment that the court erred in the conclusions of law. It follows, from what we said in discussing the conclusions of law, that the motion for a new trial was properly overruled. The questions attempted to be presented by the ninth, tenth, eleventh and twelfth assignments of errors can be presented only through the medium of a motion for a new trial, and present no question.

We find no reversible error in the record. Judgment affirmed.

Nichols, J., not participating.