BALTES ET AL. *v.* ARMOUR LEATHER COMPANY.

[No. 9,824. Filed May 27, 1919.]

1. APPEAL.—*Questions Presented.—Ruling on Demurrer.—Briefs.*—No question is presented for review on appeal by an assignment of error in overruling a demurrer, where neither the demurrer nor the memorandum filed therewith is set out in appellant's brief. p. 235.

2. CORPORATIONS.—*Indebtedness of Insolvent Corporation.—Failure to Collect Stock Subscriptions.—Liability of Directors.—Statutes.*—In an action against the directors of an insolvent corporation under §5104 Burns 1914, §3868 R. S. 1881, making the directors of a corporation organized under the mining and manufacturing act liable for all debts of the corporation contracted after insolvency resulting from its violation of the act, provided the directors directed or assented to such violation, wherein the right of recovery was based on the alleged failure of the directors to comply with §5089 Burns 1914, §3859 R. S. 1881, requiring the capital stock, as fixed by the company, to be paid into the treasury within eighteen months, findings including facts showing that defendant directors assented to the company's failure to collect stock subscriptions and as a result thereof the corporation became insolvent, and that thereafter it became indebted to plaintiff, *held* sufficient to sustain the conclusion of law that defendants were liable. p. 235.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by Armour Leather Company against Michael Baltes and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Vesey & Vesey,* for appellants.

*Albert E. Thomas* and *Howard L. Townsend,* for appellee.

ENLOE, J.—This was an action by appellee to recover of and from the appellants the amount of a certain indebtedness then owing, and theretofore contracted by the Cushion Heel Shoe Company, a corporation organized under the laws of the State of Indiana, with the appellee herein. The appellants had been directors of said corporation at the time the grievances complained of were committed.

The complaint was brought under the provisions of §5104 Burns 1914, §3868 R. S. 1881, and, among other things, alleged the due organization of said corporation; that its capital stock was $200,000; that at the time of the organization of said corporation more than $100,000 of its stock had been subscribed; that the defendants were the directors of said corporation; that said directors and said company wholly failed to collect the amount of said subscriptions, or the amount of the capital stock as fixed by said company, and put the same in the treasury thereof; that said defendants as directors assented to such failure to collect said subscriptions; that by reason of such failure said corporation became insolvent; that thereafter, and while so insolvent, it became indebted to the plaintiff, etc. A demurrer to the complaint was overruled.

The cause was tried by the court, which, upon request, made a special finding of the facts and stated its conclusions of law thereon, favorable to the appellee, and rendered judgment accordingly.

The errors assigned are: (1) That the court erred in overruling the demurrer to complaint; and (2) that

the court erred in its conclusions of law upon the facts found.

As neither the demurrer nor the memorandum accompanying same is set out in appellant's brief, no question is presented to us on this ruling.

Section 5089 Burns 1914, §3859 R. S. 1881, provides: "The capital stock, as fixed by such company, shall be paid into the treasury thereof, within eighteen months from the incorporation of the same, in such installments as the by-laws of the company assess and direct."

Section 5104 Burns 1914, *supra,* provides: "If any company organized and established under the authority of this act, and of the act to which this is supplementary, shall violate any of the provisions thereof, and shall thereby become insolvent, the directors ordering or assenting to such violation shall jointly and severally be liable, in an action founded on said acts, for all debts contracted after such violation as aforesaid."

The trial court found, among other things, that on February 14, 1910, the board of directors of said Cushion Heel Shoe Company, by a resolution of said board, unanimously adopted, declared that, "because of noncompliance of the terms and conditions of the obtaining subscriptions to the capital stock of said company, all subscriptions *are now declared null, void and cancelled.*" (Our italics.)

The court further found that the said corporation was, at the time the indebtedness herein sued for was contracted, insolvent, and that such insolvency was brought about by the failure of its board of directors to collect the subscriptions for said capital stock.

The court further found: "That from the 5th day
of March, 1912, and thereafter until said corporation
went into bankruptcy, it was wholly insolvent, and
that upon the 5th day of March, and from then until
the 3rd day of June, 1912, said corporation, with the
knowledge and assent of its board of directors and
of the defendants, Owen N. Heaton, Michael Baltes,
Dr. W. H. Johnson, August Freese, Henry Brauning,
John Schweiters, and John H. Wort, members of its
board of directors, purchased from the plaintiff here-
in, merchandise for which it became indebted to plain-
tiff in the sum of $1,484.25, upon which the sum of
$296.85 has been paid," etc.

In the case of *Patterson* v. *Stewart* (1889), 41 Minn.
84, 90, 42 N. W. 926, 928, 4 L. R. A. 745, 749, 5 L. R. A.
745, the court, speaking of a statute similar to the
statute of this state in question, said: "The object is
twofold—First, to enforce diligence and fidelity on
the part of corporate officers; and, second, to furnish
a prompt and efficient remedy to those creditors who
were, or might have been, injuriously affected by the
acts of misfeasance or nonfeasance." In the same
opinion it is said concerning the "assent" of such
directors (p. 94): "This assent, however, need not
be express. If a director knew that a violation of law
was being, or about to be, committed, and made no
objection when duty required him to object, and when
he had the opportunity of doing so, this would amount
to 'assent'."

While it is true that the court found that some of
the persons who had subscribed for the stock of de-
fendant corporation were insolvent, and therefore the
amount of their subscriptions were not collectable,
yet, so far as is shown upon this record, a large part

of the stock subscriptions were collectable, and for some reason the corporation through its board of directors failed to collect the money upon them and pay it into the treasury of said company.

The conclusions of law are well sustained by the findings. *Brown* v. *Clow* (1902), 158 Ind. 403, 62 N. E. 1006; *Bachman* v. *Cooper* (1898), 20 Ind. App. 173, 50 N. E. 394.

The judgment is therefore affirmed.