## Getz *v.* Clough.

[No. 11,073. Filed February 3, 1922. Rehearing denied April 23, 1922. Transfer denied February 24, 1925.]

1. APPEAL.—*Motion to strike out pleading will not be considered if pleading not in appellant's brief.*—A ruling on a motion to strike out a pleading will not be considered on appeal when the pleading is not set out in appellant's brief. p. 502.

2. APPEAL.—*Ruling on demurrer waived by not setting out in brief demurrer and memorandum.*—An assignment of error that the court erred in overruling appellant's demurrer to a pleading is waived where neither the demurrer nor the memorandum accompanying it is set out in his brief. p. 502.

3. APPEAL.—*Error waived by not showing appellant's exception to the court's ruling or the ground of his objection.*—Where a motion for a new trial presents error in overruling appellant's objection to the trial of the issue on a plea in abatement, no question is presented where his brief does not show any exception to the court's ruling or the ground of the objection. p. 503.

4. APPEAL.—*Exclusion of evidence not considered when no exception shown.*—Exclusion of evidence will not be considered when the record does not show any exception to the court's ruling. p. 503.

5. APPEAL.—*Appellate tribunal will not weigh the evidence.*—An appellate tribunal will not weigh the evidence, but must accept the decision of the trial court where there is some evidence to sustain it. p. 503.

From Marion Superior Court (A 7,303) ; *Theophilus J. Moll,* Judge.

Action by Vernon C. Getz against John L. Clough. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John W. Becker,* for appellant.

*William A. Pickens, Linton A. Cox* and *Earl R. Conder,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover upon a promissory note executed by appellee.

Appellee filed a plea in abatement in which he alleged the entering into a certain agreement at the time of the execution of the note, and the subsequent reduction

of such agreement to writing, but that, as a result of the mistake of the parties and of the scrivener who prepared the written agreement, the original agreement was not correctly reduced to writing; that by the terms of the original agreement, the note sued on was given in payment of certain stock of the Simplicity Incubator Corporation sold by appellant to appellee, but that as a part of the original agreement it was agreed that the note should be payable out of the dividends from the stock so sold and not otherwise; sufficient dividends had not been declared and paid on the stock to pay the note. There was a prayer for the reformation of the agreement and for an abatement of appellant's action.

Appellant filed his demurrer to the plea in abatement, which was overruled, and thereafter he filed his motion to strike it out upon the ground that, subsequent 1. to filing the same, appellee had filed a plea of set-off which was a plea in bar and thereby he waived his plea in abatement. But appellee says that the pleading was, in effect, a complaint seeking a recovery of $550 against appellant. As the pleading has not been set out in appellant's brief, we are unable to determine as to its nature, and the motion to strike it out will therefore be given no further consideration.

To the plea in abatement, appellant filed a reply in two paragraphs, the first being a general denial and the second a denial under oath of the allegations of the plea. The cause was submitted to the court for trial and there was a general finding and judgment in favor of appellee reforming the agreement and abating the action.

Appellant assigns as error in this court the action of the court in overruling his demurrer to the plea 2. in abatement, in overruling his motion to strike out, which has already been disposed of, and in

overruling his motion for a new trial. Neither the demurrer to the plea in abatement nor the memorandum thereto is set out in appellant's brief. The assignment of error is therefore waived. *Crume* v. *Bridewell* (1919), 69 Ind. App. 404, 122 N. E. 230; *Wells* v. *Huffman* (1919), 69 Ind. App. 379, 121 N. E. 840; *Baltes* v. *Armour Leather Co.* (1919), 70 Ind. App. 233, 123 N. E. 356; *Advisory Board, etc.*, v. *State, ex rel.* (1919), 188 Ind. 331.

3. Appellant in his motion for a new trial presents error of the court in overruling his objection to the submission of, and trial of, the issues formed in this case upon the plea in abatement. But it does not appear by the brief that he saved an exception to the court's ruling and further the ground of the objection, which was made after the trial was begun and evidence heard, is not set out, and therefore no question is presented.

4. Appellant's contention that the court erred in refusing to admit certain evidence tendered by him is not considered for the reason that he failed to save exceptions to the ruling of the court. *Pittsburgh, etc., R. Co.* v. *Sedwick* (1919), 72 Ind. App. 131, 124 N. E. 512.

5. Finally appellant presents the insufficiency of the evidence to sustain the decision of the court, saying that under this evidence, or a preponderance of this evidence, there is no mutual mistake shown, and contends that the evidence of mutual mistake must be clear and convincing and beyond a reasonable doubt. Even if this were the rule, and we do not so decide, there was such evidence as justified the court in reaching its decision, and the rule that this court will not weigh evidence is so well established that we do not need to cite authorities to sustain it.

The judgment is affirmed.