SCHEIRING *v.* BAKER ET AL.
[No. 25,137.   Filed October 9, 1931.]

*Robert R. Dalton,* for appellant.
*Ira M. Holmes,* for appellees.

TRAVIS, J.—The basis for this appeal is shown by the order-book entry of the trial court, as follows: "Come now the parties and the court being fully advised in the premises overrules the plaintiff's (appellant) motion to modify judgment and decree herein, to which ruling of the court, the plaintiff, at the time, excepts."

September 20, 1924 (the 18th judicial day of the September Term, 1924) appellant filed his verified petition, in which he alleged that appellees wrongfully seized, and then illegally and without cause restrained, Wanda G. Scheiring, aged 19 months, without the consent or per-

mission of appellant, and wrongfully deprives appellant, who is the father of the child, of the custody and possession of the child; and that a writ of *habeas corpus* issue. The writ was issued the same day commanding appellees to bring the child before the court.

October 2, 1924 (the 28th judicial day of the September Term, 1924) appellees filed their return to the writ. Appellant filed exceptions to the return to the writ. October 14, 1924 (the 8th judicial day of the October Term, 1924), appellees made an additional return to the writ; the cause was submitted to the court and tried. The court found for appellees, that the custody and possession of the child in their hands was lawful, and that, in the interest of the child, her custody and possession ought to be given appellees, except that, on the first, third and fifth Sundays in each month, the child be in the care and custody of appellant. Judgment was rendered upon the finding.

September 28, 1925, being the 19th judicial day of the September Term, 1925, of the same court, appellant filed in the court his verified motion, asking that the judgment heretofore rendered in this cause be modified, and give to this appellant the full and complete custody and control of the child. The motion to modify was submitted upon evidence, and the court thereupon ruled as shown by the quoted entry first hereinbefore shown. Thereupon, appellant filed his motion for a new trial of his motion to modify the judgment, for the causes that the decision of the court is contrary to law, and that the decision is not sustained by sufficient evidence, which motion was overruled.

The errors assigned are predicated upon the rulings by the court overruling appellant's motions to modify the judgment and for a new trial.

The practice and procedure for the application, grant-

ing and issuing of the writ of *habeas corpus* is as
permitted and limited by statute. §§1183 to 1207,
inclusive, Burns 1926.

The writ will be granted in favor of a father to enforce
the rights and for the protection of his infant child;
but the proceedings—practice and procedure—
shall, in such a case, conform to the provision of
the statute, which is the act concerning proceed-
ings in civil cases. Acts 1881 (Spec. Sess.) p. 240.

The practice and procedure, recognized as a motion to
modify a judgment, is not a practice that is permitted, al-
lowed or granted by legislative enactment, either
by the act concerning proceedings in civil cases
(Acts 1881 [Spec. Sess.] ch. 38; *Warrick* v. *Spry*
[1912], 49 Ind. App. 327, 332, 97 N. E. 361), or by any
legislative enactment amendatory thereof or supple-
mentary thereto. This practice is established by judi-
cial recognition, and has become an established practice
in civil procedure. The relief permitted, however, is
limited to the form of the judgment. It is recognized
that the amount of relief adjudged is a matter of form.
*Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 271, 49 N. E.
1050; *Warrick* v. *Spry, supra.*

Practically, a judgment rests upon the verdict, if the
trial be to a jury, and upon the judicial finding, if the
trial be to the court; and the judgment must
conform to the verdict or finding. §§602, 603,
615 Burns 1926.

The relief that may be granted in response to a motion
to modify a judgment does not extend to the setting
aside of the judgment rendered and substitute
therefor a judgment entirely opposite to the first
judgment (*Warrick* v. *Spry, supra*) unless the
motion be to the effect of asking a judgment that will be
in accord with the verdict or finding. *Berkey & Gay,*

*etc., Co.* v. *Hascall* (1890), 123 Ind. 502, 24 N. E. 336, 8 L. R. A. 65.

Ordinarily, a motion to modify a judgment must be made when the cause is still *in fieri* (*Canthorn* v. *Bierhaus* [1909], 44 Ind. App. 362, 88 N. E. 314). A valid judgment in a case for writ of *habeas corpus* is as impregnable after the term of court at which it was rendered as a judgment in any civil action; much less has a court the power upon a motion to modify, made at a term of court subsequent to the term at which the judgment was rendered, to review a finding made under the issues tried, and enter a different finding and judgment. *Hannah* v. *Dorrell* (1881), 73 Ind. 465.

The motion before the court does not ask for a modification of the judgment, such that, if modified as asked, it would conform to the finding; the motion asks the court to render a judgment which is new and a stranger to the general finding, contrary to the finding, and adverse to the judgment to which the motion to modify is addressed. Such civil practice and procedure is not provided by statute, neither is it permitted by custom established by judicial permission. A practice that would authorize or permit a judgment to be changed, modified, or amended into such form or essence that it would not conform to the general verdict or general finding, but, instead, be contrary thereto, brings with it its own condemnation. Whatever may have been the reason in the mind of the court for overruling appellant's motion to modify the judgment, the reason that the motion was devoid of any foundation was sufficient.

Had appellees moved to dismiss the motion, the correct ruling would have been to sustain it.

Appellant's assignment of error based upon the decision of the court overruling his motion for a new trial

of the issue sought to be presented by his motion to modify the judgment does not present a question for decision on appeal. *Runnels* v. *Kaylor* (1884), 95 Ind. 503, 506; *Merritt* v. *Pearson* (1881), 76 Ind. 44.

Overruling appellant's motion to modify the judgment was not erroneous.

Judgment affirmed.

Martin, J., dissents with opinion.

### DISSENTING OPINION.

MARTIN, C. J.—In *McDonald* v. *Short* (1921), 190 Ind. 338 at pp. 344, 345, 130 N. E. 536, this court, citing authority, held that, whether a judgment as to the custody of children grew out of a divorce proceeding or a proceeding in *habeas corpus*, the children were in the custody of the court and subject to its disposition under its general jurisdiction, and that such a judgment is conclusive between the parties until modified or set aside for cause subsequently shown by an appropriate proceeding in the same cause. The court, quoting from *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86, said: "The fact that the court has rendered judgment upon one state of facts, and disposed of the children as their best interests then required, does not impair the power of the court to decide upon another state of facts, subsequently arising, which affect their welfare."

The proceeding here was brought for the purpose of securing a change of the custody of the child in the manner expressly approved by the foregoing cases. I respectfully dissent from the action of the court which is contrary to the well-settled rule stated in the foregoing cases.