FIRST STATE BANK OF FRANKFORT ET AL. *v.*
SPRADLING ET AL.
[No. 15,608. Filed November 23, 1937.]

*Kenneth S. Power, Henry Y. Morrison, Cloe, Campbell, Cloe & Cloe,* and *Ray L. Burns,* for appellants.

*McTurman & Higgins, Elbert G. Cotton,* and *Thomas E. Kane,* for appellees.

DUDINE, P. J.—This is an appeal from a money judgment obtained by appellees Birney D. Spradling, Charleton N. Carter, and Ulysses Jordan against the Department of Financial Institutions of the State of Indiana,

in a suit for services rendered by said appellees in securing a reduction of the 1931 tax assessment against the capital stock of the First State Bank of Frankfort. The other named appellants and appellee were codefendants below.

Hereafter, whenever the word "appellees" is used, it will mean appellees Spradling, Carter, and Jordan, and will not include appellee Harry Heavilon.

The complaint was filed in the Clinton Circuit Court on August 29, 1932, naming appellee Harry A. Heavilon and said bank as defendants. It consisted of four paragraphs. The differences in the paragraphs of complaint are not material here. The complaint alleged that said bank was "taken over" by the State Department of Banking, and while it was in process of liquidation under the supervision of appellee Harry A. Heavilon as the liquidating agent, said Harry A. Heavilon as such liquidating agent employed appellees to obtain a reduction of the 1931 tax assessment on the capital stock of said bank; that the employment was on a commission basis, appellees to receive a certain percentage of the tax reduction accomplished by them; that appellees did accomplish a substantial tax reduction for which services they were entitled, by the terms of said employment agreement, to the sum of $1,108.35. The complaint prayed judgment in that amount.

The venue of said cause was changed to Hamilton county. Thereafter appellant Department of Financial Institutions filed its petition to be made a party defendant in the cause. In the petition it was alleged that on July 8, 1933, said department had taken "possession of the business and property of the First State Bank of Frankfort, Indiana, pursuant to the Indiana Financial Institutions Act approved February 24, 1933." On said petition said department was made a party defendant.

Thereafter appellees filed a petition to amend the

complaint by interlineation, by adding to the prayer the words "that the amount found due and owing be declared an expense of liquidation and a prior lien and charge upon all assets of bank in process of liquidation and enforcible accordingly." The petition was granted, and the complaint was amended accordingly.

Hereafter whenever the word "defendants" or "appellants" is used it will refer to appellants First State Bank of Frankfort and the Department of Financial Institutions of Indiana, but to no other parties.

The defendants filed two pleas in abatement, one alleging lack of jurisdiction of the Hamilton Circuit Court of the person of said defendants, and the other alleging lack of jurisdiction of the subject matter of the cause. Appellees filed a demurrer to each of said pleas in abatement, which demurrers were sustained.

Said defendants filed an answer in general denial, and a plea of payment and appellees filed a reply in general denial to the plea of payment.

Other pleadings were filed, and the cause was submitted to the court and a jury for trial. None of said pleadings are attacked in this appeal, and no good purpose would be served by discussing them.

The jury returned a verdict for appellees in the sum of $1,008.35 against the Department of Financial Institutions. The record shows that after the jury returned its verdict appellants filed their "joint and several objections to the rendition of judgment which said objections read as follows: (then follows a copy of a pleading entitled 'Objections to the Form of Judgment')." The record further shows that the court overruled "said objections."

Interrogatories were also submitted to and returned by the jury. The court rendered judgment as follows:

"Come now the parties by counsel, and the jury heretofore to wit on the 27th day of April, 1935,

having returned their verdict and answered to special interrogatories and it appearing that the services of the plaintiff alleged in the complaint were rendered in course of liquidation of the First State Bank of Frankfort by the Banking Department of the State of Indiana and that such services were beneficial to said bank and liquidation and were incurred as a part of such liquidation and as an expense thereof, the court now renders judgment on said verdict and;

"It is considered, adjudged and decreed:

"That the plaintiffs have and recover, on their complaint and claim of the defendant, Department of Financial Institutions, of the State of Indiana, the sum of ONE THOUSAND EIGHT AND 35/100 ($1,008.35) dollars and their costs in such behalf made and expended with interest thereon at the rate of 6% per annum from and after April 27, 1935, all, the same to be paid and all, the same hereby ordered paid by said Department of Financial Institutions as a part of the expense of liquidation and administration of trust of said First State Bank of Frankfort, Indiana.

"It is further ordered and adjudged that the plaintiffs have nothing of the defendant, Harry A. Heavilon, on their complaint, and that he have and recover of the plaintiffs the costs by him in such behalf made and expended to the time of conclusion of the plaintiffs' evidence; and that the defendant, Department of Financial Institutions, take nothing by its cross-complaint and that the plaintiff have and recover from said defendant their costs in such behalf made and expended."

Thereafter said defendants filed a motion to modify the judgment, which was overruled, and a motion for new trial, which was overruled.

The errors assigned upon appeal are alleged error in: 1. Sustaining the demurrer to the plea in abatement challenging the jurisdiction of the court over the person of said defendants. 2. Sustaining the demurrer to the plea in abatement challenging the jurisdiction of the court over the subject matter of the cause. 3. ". . .

overruling appellants' objections to the form of judgment." 4. Overruling said defendants' motion to modify the judgment. 5. Overruling said defendants' motion for new trial.

Appellants state several points in their briefs in support of said first assigned error, but none of them refer to or have any bearing upon the jurisdiction of the Hamilton Circuit Court, as to the person of appellants. Therefore, we hold that no question is presented as to said assigned error. We deem it expedient, however, to say that appellant Department of Financial Institutions is not in position to question the jurisdiction of the court over its person,—it having petitioned the court to be made a party to the cause, and the court having done so, on said petition.

In support of the second assigned error appellants contend, in effect, that the taking over of the business and property of said bank by the Department of Financial Institutions on July 8, 1933, ousted the Hamilton Circuit Court of jurisdiction of all matters pertaining to the allowance of claims against said bank, citing §§18-305 and 18-307 Burns 1933, §§7767, 7769 Baldwin's 1934. Said sections of the statutes are not determinative of said contention.

Sec. 18-310 Burns 1933 (§7772 Baldwin's 1934) provides that the department may "prosecute or defend or participate in any and all suits or actions at law or in equity which were pending against such financial institution when possession was acquired· by the department . . . " If the legislature by the enactment of the Department of Financial Institutions Act had ousted the jurisdiction of courts as to claims against closed banks in instances similar to the case before us, it would have been unnecessary, if not ridiculous, for the legislature to give the department power to prosecute, defend or participate in such cases. If the jurisdiction of

the court was ousted, the cases would abate, and there would be no such cases in which the department could participate. Said Act does not oust jurisdiction of courts as to such claims in such cases; on the contrary, by Sec. 18-310 (§7772 Baldwin's 1934), *supra*, it indicates that the legislature intended that courts should retain jurisdiction of such matters.

The third specification of error "that the court erred in overruling appellants' objections to the form of judgment" is not a proper assignment of error, and therefore we hold that no questions are presented under said specification.

The motion to modify the judgment prayed that that part of the judgment which ordered the claim to be paid as part of the liquidation and administration expenses of the trust be stricken out.

The office of a motion to modify a judgment is to harmonize the judgment with the verdict or finding. *Hinton Admr.* v. *Bryant* (1934), 99 Ind. App. 38, 190 N. E. 554. A motion to modify a judgment can not be used for any other purpose than to raise questions affecting the form of the judgment. The relief to be sought by such motion is a matter of form. If the judgment gives the party obtaining it greater or less relief than he is entitled to under the issues, finding, or verdict, the remedy is by a motion to modify the judgment. *Warrick* v. *Spry* (1911), 49 Ind. App. 327, 97 N. E. 361; *Scheiring* v. *Baker et al.* (1931), 202 Ind. 678, 177 N. E. 866.

The question sought to be raised in this case is not a question "affecting the form of the judgment," it is a question as to whether or not a different judgment should have been substituted by the trial court for the judgment which was rendered. Such question cannot be presented by a motion to modify a judgment. *Hinton, Admr.* v. *Bryant, supra.*

What has been said with reference to said last mentioned contention is applicable to the other contentions of appellants in support of the assigned error in overruling the motion to modify the judgment.

The only causes for new trial properly assigned in the motion therefor and discussed in appellants' brief are alleged error in the giving of each of several instructions.

Appellant contends as to each of said instructions that it is subject to a construction which we think is a *misconstruction* thereof. None of said instructions are subject to the construction which appellant contends for. All of appellant's contentions being based on such false premises we hold that no reversible error in the giving of the said instructions is shown.

No reversible error having been shown the judgment is affirmed.

Laymon, C. J. not participating.